TILFORD v WAYNE COUNTY GENERAL HOSPITAL

Docket No. 58645. Argued January 4, 1978 (Calendar No. 10).—Decided August 30, 1978.

Jane and Foster Tilford brought an action for damages arising when Mrs. Tilford slipped and fell on a patch of ice on a sidewalk which led to an entrance of Wayne County General Hospital. The Wayne Circuit Court, John M. Wise, J., granted the defendant summary judgment on the basis of governmental immunity from tort liability. The Court of Appeals, Quinn, P.J., and Walsh and Bach, JJ., affirmed in an unpublished per curiam opinion (Docket No. 24519). Plaintiffs appeal. *Held:*

The entrance walk of a public building under the control of a governmental agency comes within the "public buildings" exception of the governmental tort liability statute.

Justice Fitzgerald, joined by Chief Justice Kavanagh and Justice Levin, wrote that the Legislature intended to protect the general public from injury by imposing upon governmental agencies the duty to maintain safe public places, whether such places are public highways or public buildings. The premises relating to the public's ingress to and egress from a public building, which are under the exclusive control of the governmental agency, are inextricably connected with the public building itself. Therefore, the plaintiffs in the case at bar stated a claim upon which relief could be granted.

Justice Williams concurred with Justice Fitzgerald. The sidewalk in the instant case comes within the "public buildings" exception of the governmental tort liability statute.

Justice Blair Moody, Jr., concurring, agreed that the en-

REFERENCES FOR POINTS IN HEADNOTES

[1, 7] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 104–106, 111, 112, 341–350.

[1, 4, 5, 7] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 49, 56, 62, 100, 133, 154.

[2, 5] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 56, 154.

[3, 5] 40 Am Jur 2d, Hospitals and Asylums §§ 2–24.

Immunity from liability for damages in tort of state or governmental unit or agency in operating hospital. 25 ALR2d 203.

[6] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 150 *et seq.*

trance walk of a public building under the control of a governmental agency comes within the "public buildings" exception of the governmental immunity statute.

Justice Ryan, concurring, wrote that the operation of a public hospital and activities that are necessarily incidental to and part of the general function of operating the hospital are governmental functions. The public building exception, in derogation from the general grant of immunity in the governmental tort liability act, makes governmental agencies liable for damages resulting from a dangerous or defective condition of a public building. Since the Legislature did not statutorily define the term "building" in creating this exception, it is incumbent upon the Court to determine what the lawmakers meant. In order to use a public building the public must come upon the general premises on which the building is situated and be afforded some form of safe means of entrance to the building proper. Common sense suggests that the Legislature intended the word "building" to include all those constructions upon the premises adjacent to the building, whether attached or unattached to the main structure, which exist for the purpose of facilitating the use and enjoyment of the principal edifice. One such adjacent construction virtually essential to the ordinary use of most public buildings is a walkway providing access to an entrance. Thus, the walkway on which the plaintiff was injured comes within the public building exception to the immunity otherwise enjoyed by the defendant who may, therefore, be liable for injuries occasioned by its negligence in failing to properly repair and maintain such walkways.

Justice Coleman dissented on the ground that the Legislature did not intend to except *all* "public places" in excepting negligent maintenance of highways and public buildings from governmental immunity. The words "highways" and "buildings" have common, historical meanings which the Legislature intended to apply in carving out this assumption of liability from statutory governmental immunity. The Court has attempted to circumvent the governmental immunity statute, or to eliminate it in effect, by creating common-law exceptions to the statute, for example by redefining the word "building". The problem is that the Court does not know where the proposed statutory remodeling will lead, attractive as it may be. The more the Court tinkers with the present law of governmental immunity, the deeper it digs itself into the mire of litigation and into unknown legal and social hazards. It is time to employ judicial restraint and encourage the Legislature to examine the present

course of governmental immunity towards the goal of revising and, at a minimum, clarifying the statutes.

The decision of the Court of Appeals is reversed and the case is remanded to the trial court for further proceedings.

OPINION BY FITZGERALD, J.

1. STATES — TORTS — GOVERNMENTAL IMMUNITY — PUBLIC BUILD-INGS.

The Legislature intended to protect the general public from injury by imposing upon governmental agencies the duty to maintain safe public places, whether such public places are public highways or public buildings (MCL 691.1406, 691.1407; MSA 3.996[106]; 3.996[107]).

2. STATES — TORTS — GOVERNMENTAL IMMUNITY — PUBLIC BUILDINGS — SIDEWALKS.

An entrance walk of a public building under the control of the governmental agency comes within the "public buildings" exception of the governmental immunity statute (MCL 691.1406; MSA 3.996[106]).

CONCURRING OPINION BY WILLIAMS, J.

See headnotes 1 and 2.

CONCURRING OPINION BY BLAIR MOODY, JR., J.

See headnote 2.

CONCURRING OPINION BY RYAN, J.

3. STATES — TORTS — GOVERNMENTAL IMMUNITY — HOSPITALS — PUBLIC BUILDINGS.

*A public hospital is generally immune from liability for its negligence in the discharge of its general function unless the activity comes within the public buildings exception to the hospital's statutory governmental immunity (MCL 691.1406, 691.1407; MSA 3.996[106], 3.996[107]).*

4. STATES — TORTS — GOVERNMENTAL IMMUNITY — PUBLIC BUILDINGS — WORDS AND PHRASES.

*The Legislature has provided, in derogation from the general grant of immunity found in the governmental tort liability act, that governmental agencies have an obligation to repair and maintain buildings which are open to the public and under an*

*agency's control; common sense suggests that the Legislature intended the word "building" to include all those constructions on the premises adjacent to the building, whether attached or unattached to the main structure, which exist for the purpose of facilitating the use and enjoyment of the principal edifice (MCL 691.1406; MSA 3.996[106]).*

5. STATES — TORTS — GOVERNMENTAL IMMUNITY — PUBLIC BUILD-INGS.

*A walkway of a public hospital on which a plaintiff was injured comes within the public building exception to the governmental immunity otherwise enjoyed by the public hospital which may, therefore, be liable for injuries occasioned by its negligence in failing to properly repair and maintain such walkways (MCL 691.1406; MSA 3.996[106]).*

DISSENTING OPINION BY COLEMAN, J.

6. STATES — TORTS — GOVERNMENTAL IMMUNITY — HIGHWAYS — PUBLIC BUILDINGS — WORDS AND PHRASES.

*The Legislature in excepting negligent maintenance of highways and public buildings from statutory governmental immunity did not intend thereby to except all "public places"; the words "highways" and "buildings" have common, historical meanings which the Legislature intended to apply in carving out this assumption of liability from statutory governmental immunity (MCL 691.1406; MSA 3.996[106]).*

7. STATES — TORTS — GOVERNMENTAL IMMUNITY — STATUTES — COMMON LAW.

*The courts should employ judicial restraint and encourage the Legislature to examine the present course of governmental immunity towards the goal of revising and, at a minimum, clarifying the statutes, rather than attempting to circumvent the governmental immunity statute, or to eliminate it in effect, by creating common-law exceptions to the statute, for example by redefining the word "building" (MCL 691.1406; MSA 3.996[106]).*

*Lopatin, Miller, Bindes, Freedman & Bluestone* (by *Michael Gagleard)* for plaintiffs.

*Aloysuis J. Suchy,* Wayne County Corporation

Counsel, and *David J. Curran,* Assistant Corporation Counsel, for defendant.

FITZGERALD, J. According to the complaint in this case, on February 17, 1971, Jane Tilford slipped and fell on a patch of ice as she was entering Wayne County General Hospital and, as a result, sustained serious and permanent injuries. The fall allegedly occurred on an entrance walk leading from the parking lot to the hospital.

On May 9, 1975, despite having earlier denied a motion for summary judgment, the trial judge granted defendant's motion for a summary judgment of dismissal on the basis of governmental immunity. On June 17, 1976, the Court of Appeals affirmed in an unpublished per curiam opinion. This Court granted plaintiffs' application for leave to appeal on April 29, 1977. 399 Mich 894 (1977).

Plaintiffs raise five issues on appeal:

1) Whether the entrance walk of a public building comes within the "public buildings" exception of the governmental immunity statute, MCL 691.1406; MSA 3.996(106).

2) Whether the operation of a municipally owned hospital providing medical services for a fee is a proprietary function.

3) Whether the governmental immunity statute violates due process guarantees contained in the United States and Michigan Constitutions.

4) Whether the governmental immunity statute violates equal protection guarantees contained in the United States and Michigan Constitutions.

5) Whether the governmental immunity statute is social legislation which has outlived any legitimate state purpose it may have had. We reverse on the basis of the first issue and remand for trial.

"PUBLIC BUILDINGS" EXCEPTION

The general grant of immunity to governmental agencies is provided by MCL 691.1407; MSA 3.996(107), which reads as follows:

"Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed."

To this general grant of immunity, the Legislature provided the "public buildings" exception. MCL 691.1406; MSA 3.996(106) provides, in pertinent part, as follows:

"Governmental agencies have the obligation to *repair* and *maintain* public buildings under their *control* when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a *dangerous or defective condition of a public building* * * *. (Emphasis added.)

Defendant argues that since Mrs. Tilford was injured on the entrance to its public building, her claim for recovery under the "public buildings" exception of the governmental immunity statute is barred. Defendant would have us hold that the "public buildings" exception is limited to the "specific physical structure" of the building itself.

In *Pichette v Manistique Public Schools (ante),* 403 Mich 268; 269 NW2d 143 (1978), released today, we examined the scope of the "public buildings" exception. In that case, plaintiff was injured on a defective slide on the playground of defendant's

school. We rejected the narrow construction of the "public buildings" exception advanced by defendants in *Pichette,* as we do in the instant case:

"[W]e find that such a narrow construction of the 'public buildings' exception conflicts with what we perceive to be the purpose of MCL 691.1406; MSA 3.996(106). We believe that in providing for the three exceptions to the general grant of immunity contained in MCL 691.1407; MSA 3.996(107), the Legislature intended to protect the general public from injury by imposing upon governmental agencies the duty to maintain safe public places, whether such places are public highways or public buildings.

"Accordingly, we find it of little importance that the slide upon which plaintiff in the instant case was injured was not *itself* a public building or was on the premises of a public building rather than inside the building. To be sure, Jeffrey Pichette would not have encountered the dangerous condition which led to his injuries but for the existence of defendant's school. To bar plaintiff recovery because he was injured by a defective condition on the premises of a public building, which were under the control of the governmental entity, rather than *inside* the building, would have no basis either in logic or justice." 403 Mich 284; 269 NW2d 149 (1978).

In the instant case, plaintiffs alleged that Mrs. Tilford sustained serious and permanent injuries from a slip and fall on a patch of ice on the walk leading to the entrance of defendant's hospital. The premises relating to the public's ingress to and egress from a public building, which are under the exclusive control of the governmental agency, are inextricably connected with the public building itself. Therefore, we find that plaintiffs in the case at bar stated a claim upon which relief could be granted.

We do not find it necessary to address the re-

maining issues plaintiffs raise on appeal since we find that an entrance walk of a public building under the control of the governmental agency comes within the "public buildings" exception of the governmental immunity statute, MCL 691.1406; MSA 3.996(106).

The Court of Appeals and the trial court are reversed. We remand the matter to the trial court for further proceedings in accordance with this opinion.

No costs, a public question being involved.

KAVANAGH, C.J., and LEVIN, J., concurred with FITZGERALD, J.

WILLIAMS, J. *(concurring)*. I concur with Justice FITZGERALD; see my concurrence in *Pichette v Manistique Public Schools (ante)*, 403 Mich 268; 269 NW2d 143 (1978).

BLAIR MOODY, JR., J. I agree with Justice FITZGERALD'S analysis that "the entrance walk of a public building under the control of the governmental agency comes within the 'public buildings' exception of the governmental immunity statute". MCL 691.1406; MSA 3.996(106). Insofar as *Pichette v Manistique Public Schools (ante)*, 403 Mich 268; 269 NW2d 143 (1978), stands for this proposition, I concur. See *Pichette, supra*, BLAIR MOODY, JR., J. (concurring).

RYAN, J. *(concurring)*. The complaint in this case alleges that defendant was negligent in the maintenance of a walkway on its hospital premises.

## A. GOVERNMENTAL FUNCTION

The resolution of the issues presented requires

an initial determination of whether the operation of a public hospital is a governmental function for purposes of the governmental immunity statute, MCL 691.1407; MSA 3.996(107). That statute provides:

"Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed."

In *Thomas v Dep't of State Highways,* 398 Mich 1, 10; 247 NW2d 530 (1976), the majority noted that the historical context in which the foregoing statute was enacted suggests that the Legislature intended to codify the state's existing common law or judge-made immunity and to restore the immunity of municipalities as it existed prior to the 1961 decision of *Williams v Detroit,* 364 Mich 231; 111 NW2d 1 (1961).

At common law, the expression "governmental function" was the term of art which both described the nature and defined the limits of state and municipal immunity from tort liability. By employing that same term of art in creating statutory immunity, the Legislature appears to have directed the courts to look to the common law for guidance in determining whether, in a given case, a governmental agency is exercising or discharging a "governmental function" for purposes of the immunity statute.

Reference to the pre-statutory immunity cases discloses that in *Martinson v Alpena,* 328 Mich 595; 44 NW2d 148 (1950), this Court held that the

operation of a public hospital to promote the general public health is indeed a governmental function. Moreover, it seems evident that the operation of a public hospital is within the frequently cited "common good of all" definition of a "governmental function". See *Gunther v Cheboygan County Road Commissioners,* 225 Mich 619, 621; 196 NW 386 (1923), citing *Bolster v City of Lawrence,* 225 Mass 387; 114 NE 722 (1917).

I conclude, therefore, that the operation of a public hospital is a governmental function at common law in Michigan and is a governmental function for purposes of the statute in question. This means that a public hospital is generally immune from liability for its negligence in the discharge of its general function.

The maintenance of walkways on public hospital premises for the purpose of facilitating access to the hospital itself is an activity that is necessarily incidental to and part of the general function of operating the hospital. Consequently, defendant public hospital in this case is immune from liability for its alleged negligence in maintaining such walkways unless this activity comes within the so-called "public building exception" to the hospital's governmental immunity.

## B. PUBLIC BUILDING EXCEPTION

In derogation from the general grant of immunity found in MCL 691.1407; MSA 3.996(107), the Legislature has provided that governmental agencies have an obligation to repair and maintain buildings which are open to the public and under an agency's control. As a concomitant of this obligation, the Legislature has decreed that such governmental agencies will be held liable for bodily injury or property damage resulting from a

dangerous or defective condition of a public building. MCL 691.1406; MSA 3.996(106). Since the Legislature did not statutorily define the term "building" in creating this exception, it is incumbent upon this Court to determine what the lawmakers meant when employing that term.

In enacting this statute, the Legislature recognized that when a governmental agency controls a building and holds it open for public use, the agency assumes the responsibility for insuring the proper maintenance and repair of that building, since the public who use that building at the instance of the controlling agency are in no position to insure its maintenance and repair, and their own safety in its use.

We are asked, in essence, to determine how far the duty to repair and maintain public buildings extends.

The defendant argues that the Legislature, in employing the term "building", intended to impose liability on governmental agencies that was extremely narrow in scope and applicable only to acts or omissions in connection with the care and maintenance of the walled, roofed edifice itself and no more.

In my view, that is an inappropriately narrow reading of the legislation and of the legislative purpose.

We are obligated to construe all legislative enactments in a fashion which attributes to the words used their primary and generally understood meaning in the light of such legislative intent at the time of the enactment as we can discern.

When in 1970 the Legislature amended the statute in question on a point not here in issue, it of course reinstated the entire statute.

Obviously, the lawmakers were aware that in order to use a public building the public must come upon the general premises on which the building is situated and be afforded some form of safe means of ingress and egress to the building proper via some access way such as a walkway. Modern concepts of architectural design of buildings encompass a myriad of constructions on the premises, some purely functional, some for aesthetic value and still others combining both aesthetic and functional qualities, all, however, for the purpose of facilitating the use and enjoyment of the building. One such adjacent construction virtually essential to the ordinary use of most public buildings is a walkway providing access to an entrance. Common sense suggests that when the Legislature imposed upon state agencies liability for "bodily injury * * * resulting from a dangerous or defective condition of a public building", it intended the word "building" to include all those constructions upon the premises adjacent to the building, whether attached or unattached to the main structure, which exist for the purpose of facilitating the use and enjoyment of the principal edifice.

Thus, the walkway on which the plaintiff was injured comes within the public building exception to the immunity otherwise enjoyed by the defendant who may, therefore, be liable for injuries occasioned by its negligence in failing to properly repair and maintain such walkways.

The trial court erred in granting the defendant's motion for summary judgment on the basis of governmental immunity.

For the foregoing reasons, I join in the judgment of reversal and remand.

COLEMAN, J. *(dissenting)*. I dissent for reasons

set forth in my opinion of this date in the matter of *Pichette v Manistique Public Schools (ante),* 403 Mich 268; 269 NW2d 143 (1978).