713 P.2d 4

**Janette SMITH, as parent, natural guardian and next friend of Phillip Briggs, a minor child, Plaintiff-Appellant,**

v.

**The VILLAGE OF CORRALES, Defendant-Appellee.**

**No. 8121.**

Court of Appeals of New Mexico.

Dec. 17, 1985.

Certiorari Denied Jan. 16, 1986.

Joseph Rocca, Albuquerque, for plaintiff-appellant.

Katherine E. Tourek, Sarah M. Bradley, Bradley & McCulloch, P.A., Albuquerque, for defendant-appellee.

OPINION

BIVINS, Judge.

On September 12, 1983, three vicious dogs attacked Phillip Briggs while he walked to school on a public street in Corrales. At the time, the Village of Corrales had no designated animal control officer. Such duties were delegated to the police department, due to the retirement of the former animal control officer. Following the attack, the Village hired an animal control officer.

Plaintiff Smith, as parent of Phillip Briggs, a minor, brought this action to recover damages for injuries suffered by Phillip. Count one of the complaint alleges liability on the part of defendant Village under the Tort Claims Act, NMSA 1978, Sections 41–4–1 through –29 (Repl.Pamp. 1982 & Cum.Supp.1985), and specifically Section 41–4–11(A) thereof. Count two alleges liability under a different provision of the Tort Claims Act against the Village and its chief law enforcement officer. Count three seeks damages against the owners of two of the three dogs involved in the attack. The third dog was a stray.

Plaintiff appeals the summary judgment granted to the Village and the dismissal of count one. Count two was dismissed by agreement. This appeal does not concern the third count against the owners. That cause of action remains pending.

Because the relevant facts are essentially without dispute, the question on appeal is one of law: Does the alleged breach by a municipality of its statutory duty to designate a part-time or full-time animal control officer come within Section 41–4–11(A) of the Tort Claims Act, which waives sovereign immunity for damages caused by the negligence of public employees in the maintenance of highways, roadways and streets?

In New Mexico, sovereign immunity is a statutory creation. *Fireman's Fund Insurance Co. v. Tucker,* 95 N.M. 56, 618 P.2d 894 (Ct.App.1980). The New Mexico Supreme Court abolished common law sovereign immunity in *Hicks v. State,* 88 N.M.

588, 544 P.2d 1153 (1975). In response to the decision in *Hicks*, the state legislature enacted the Tort Claims Act of 1976. The Act reinstated governmental immunity, except in eight categories where immunity is expressly waived. Sections 41–4–5 through –12. In applying these waivers of immunity, we first determine the legislative intent in the enactment of the waiver and then interpret the language of the waiver according to its plain meaning. *Redding v. City of Truth or Consequences*, 102 N.M. 226, 693 P.2d 594 (Ct. App.1984). We do not read into the statute language which is not there. *Id.*

The Village argues, notwithstanding any possible negligence on its part, that the doctrine of sovereign immunity bars this suit. According to the Village, the facts and circumstances of this case do not fit within any of the legislative waivers of governmental immunity.

Plaintiff counters, claiming that Section 41–4–11(A), relating to negligent maintenance of highways, roadways, and streets, applies. That section provides:

A. The immunity granted pursuant to [this Act] does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the *negligence of public employees* while acting within the scope of their duties *in the maintenance of* or for the existence of any bridge, culvert, *highway, roadway, street,* alley, sidewalk or parking area. [Emphasis added.]

Plaintiff refers us to two statutory provisions relating to animal control. NMSA 1978, Section 77–1–12 (Cum.Supp.1985) provides:

Each municipality and each county shall make provision by ordinance for the seizure and disposition of dogs and cats running at large and not kept or claimed by any person on their premises.

NMSA 1978, Section 77–1–15.1(B) (Cum. Supp.1985) provides:

Every municipality and each county shall provide for the impoundment of rabies-suspect animals and shall designate a *part-time or full-time animal control officer who shall be deputized to enforce animal control laws, orders, ordinances and regulations.* [Emphasis added.]

Plaintiff contends that these statutes require "municipalities to enhance the safety of their streets by minimizing the presence of roaming dogs." She further argues that these statutory provisions "demonstrate a clear recognition by the Legislature that roaming dogs create dangerous 'roads, streets, alleys.'"

Plaintiff attempts to tie Sections 77–1–12 and 77–1–15.1(B) to Section 41–4–11(A), by contending that the primary purpose of the animal control ordinances is to protect the public from injury or damage. Because the public, particularly school children, use the roadways and streets, a breach of the control statutes, therefore, constitutes the negligent maintenance of highways, roadways and streets.

■ We find plaintiff's argument without merit. Assuming, without deciding, that the two animal control statutes relied on by plaintiff were violated, compliance with those statutes still would not amount to "maintenance" of roadways and streets. Plaintiff attempts to connect the animal control statutes to Section 41–4–11(A) by asserting that compliance with the former makes the streets safe. Section 41–4–11(A) contains no such language. As previously stated, we interpret the language of the waiver according to its plain meaning.

■ The term "maintenance" in the context of the statute generally means the care or upkeep of something. Webster's Third New International Dictionary (1966). *See Grano v. Roadrunner Trucking, Inc.*, 99 N.M. 227, 656 P.2d 890 (Ct.App.1982), *cert. denied*, 99 N.M. 358, 658 P.2d 433 (1983), which applied the "ordinary" meaning of maintenance. We hold that compliance with the two animal control statutes does not involve maintenance of a roadway, highway or street.

A party claiming an exception to the Tort Claims Act must establish that exception as being within the words of the exception as well as the reason for the exception. *See Holiday Management Co. v. City of Santa Fe,* 94 N.M. 368, 610 P.2d 1197 (1980); *City of Albuquerque v. Redding,* 93 N.M. 757, 605 P.2d 1156 (1980).

The result we reach is consistent with *Fireman's Fund Insurance Co. v. Tucker,* a case relied on by plaintiff. In that case, this court held that maintenance of highway did include maintenance of fences within the highway and, therefore, immunity was waived. Unlike that case, nowhere can the animal control statutes be found within the plain meaning of that waiver statute.

We affirm and remand so that plaintiff's action may proceed against the owners of the two dogs. Appellate costs are to be paid by plaintiff.

IT IS SO ORDERED.

WOOD and MINZNER, JJ., concur.