755 P.2d 48

**Virginia CASTILLO, as mother and next friend of R. Daniel Castillo and Manuel M. Castillo, Petitioner,**

**v.**

**COUNTY OF SANTA FE, County of Santa Fe Housing Authority, Rudy R. Fernandez, Samuel J. Garcia, Jerome Block, Patrick Ortiz and Paul Arellano, in their official capacities and individually, Respondents.**

**No. 17243.**

Supreme Court of New Mexico.

May 12, 1988.

Susan Weckesser, Santa Fe, for petitioner.

White, Koch, Kelly & McCarthy, P.A., Bruce J. Fort, Santa Fe, for respondent Arellano.

Butt, Thornton & Baehr, P.C., Karen C. Kennedy, Albuquerque, for respondents.

## OPINION

RANSOM, Justice.

We granted certiorari to examine the waiver of immunity under Section 41–4–6 of the Tort Claims Act, NMSA 1978, Sections 41–4–1 to –27 (Repl.Pamp.1986). The immunity from tort liability granted a governmental entity and its employees pursuant to Section 41–4–4 of the Tort Claims Act does not apply "to liability for damages resulting from bodily injury * * * caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings." § 41–4–6. At issue is whether the maintenance of any building includes keeping the grounds of a public housing project safe from unreasonable risk of harm to its residents and invitees. Although the court of appeals affirmed the trial court's dismissal of all named defendants under the immunity granted by the Tort Claims Act, Castillo specifically requested that this Court only review the dismissal of the cause of action against defendant County of Santa Fe Housing Authority, the governmental agency authorized by the County of Santa Fe to operate county-owned and publicly-funded housing within the county.

On October 23, 1983, three-year-old R. Daniel Castillo was severely bitten by a dog roaming loose on the grounds of the Valle Vista Housing Project, which is a residential complex owned by the County of Santa Fe and operated by the County of Santa Fe Housing Authority. Daniel was in the care of his aunt, a resident of Valle Vista, and the dog allegedly belonged to another resident.

Virginia Castillo, as Daniel's mother and next friend, sued the defendants for their alleged failure to keep the premises of Valle Vista safe and for their alleged failure to enforce the county's animal control ordinances. The trial court dismissed the complaint against all defendants for failure to state a claim upon which relief could be granted. *See* SCRA 1986, 1–012(B)(6) (commonly known as Rule 12(B)(6)). The court of appeals affirmed, holding that it was not within the contemplation of Section 41–4–6 for the maintenance of any building to include keeping the grounds safe from roaming dogs or requiring enforcement of animal control statutes. Without any specific regard to animal control statutes, we find that Section 41–4–6 does contemplate waiver of immunity where due to the alleged negligence of public employees an injury arises from an unsafe, dangerous, or defective condition on property owned and operated by the government, and for that reason we reverse.

For purposes of a motion to dismiss under Rule 12(B)(6), this Court assumes the truth of the facts alleged in the complaint. *Schear v. Board of County Comm'rs of*

*Bernalillo County*, 101 N.M. 671, 687 P.2d 728 (1984). A motion to dismiss should be granted *only* if it appears that upon no facts provable under the complaint could the plaintiff recover or be entitled to relief. *Environmental Improvement Div. of N.M. Health & Env't Dep't v. Aguayo*, 99 N.M. 497, 660 P.2d 587 (1983). Under the allegations of her complaint, it appears that Castillo could prove that the Housing Authority was aware or should have been aware of the continuing problem of loose-running dogs and the resulting danger this condition posed for the common area of Valle Vista which the Housing Authority had the duty to maintain in a safe condition.

The defendant claims that it is immune from suit pursuant to Section 41-4-4 and that dismissal under Rule 12(B)(6) is proper. It contends that the waiver of immunity under Section 41-4-6 is inapplicable because the failure to control loose-running dogs bears no relationship to the maintenance of a public building. The defendant argues that the injuries complained of did not occur due to a defect in a public building. *See Wittkowski v. State*, 103 N.M. 526, 710 P.2d 93 (Ct.App.), *cert. quashed*, 103 N.M. 446, 708 P.2d 1047 (1985), *overruled on other grounds, Silva v. State*, 106 N.M. 472, 745 P.2d 380 (1987). Moreover, even assuming Section 41-4-6 extends to premises liability, the defendant maintains that the injury did not arise from a defective condition existing upon the land of the housing project.

The *Wittkowski* court held that maintenance of the state penitentiary building did not include the security, custody, and classification of inmates. *Id.* 103 N.M. at 530, 710 P.2d at 97. *Wittkowski* did not fully answer whether the property surrounding buildings owned and operated by the government falls within the waiver of Section 41-4-6. In resolving that issue, we must interpret the words used in that sec-

tion in light of the intended purpose of the provision. *See Miller v. Department of Transp.*, 106 N.M. 253, 254, 741 P.2d 1374, 1375 (1987). "We consistently have given a construction to the Act that would effect its remedial intentions." *Id.* at 254, 741 P.2d at 1375.

■ A plain reading of Section 41-4-6 convinces us that the legislature intended to ensure the safety of the general public by imposing upon public employees a duty to exercise reasonable care in maintaining premises owned and operated by governmental entities. By the legislature's inclusion of both buildings and parks within the waiver provision, we discern no intent to exclude from that waiver liability for injuries arising from defective or dangerous conditions on the property surrounding a public building. *See Tilford v. Wayne County Gen. Hosp.*, 403 Mich. 293, 269 N.W.2d 153 (1978). We hold that the common grounds upon which the county-owned and operated Valle Vista Housing Project is situated falls within the definition of any building under Section 41-4-6.

■ The defendant argues that maintenance, *i.e.*, the care and upkeep of something, cannot be read to include keeping residents of Valle Vista safe from attacks by loose-running dogs. The court of appeals agreed, citing *Smith v. Village of Corrales*, 103 N.M. 734, 713 P.2d 4 (Ct.App. 1985), *cert. denied*, 103 N.M. 740, 713 P.2d 556 (1986) (where the failure of Corrales to hire an animal control officer was found not to be conduct falling under Section 41-4-11(A), which waives sovereign immunity for damages caused by the negligence of public employees in the maintenance of highways, roadways and streets).[1] In *Miller*, however, this Court made clear that we look not only to a selective dictionary definition of "maintenance" as that word is used in waiver of immunity provisions under the Act. *Id.* at 255, 741 P.2d at 1376. "Statutes are to be read in a way that facili-

---

1. Because animal control statutes are not enacted to accomplish the intent of Section 41-4-11(A) that the highways be made and kept safe for the traveling public, *see Miller*, 106 N.M. at 256, 741 P.2d at 1376, there was no connection between the allegedly negligent conduct at issue

in *Smith* and the waiver of immunity under Section 41-4-11(A). Here, there is a nexus between the defendant's obligation to maintain the common premises of the Valle Vista Housing Project in a safe condition and the intent behind the waiver of immunity under Section 41-4-6.

tates their operation and the achievement of their goals." *Id.* One goal of Section 41–4–6 is to ensure that buildings and property owned and operated by the government are kept safe for the public's use.

■ The existence of a duty in this case rests upon whether dogs roaming loose upon the common grounds of a government-operated residential complex could represent an unsafe condition. *See* NMSA 1978, § 47–8–20(A)(3) (Cum.Supp.1987); SCRA 1986, 13–1315. Given the potential for the safety of Valle Vista residents and invitees to be compromised by this situation, we find that, under the right circumstances, loose-running dogs could represent an unsafe condition upon the land. *See Rhabb v. New York City Hous. Auth.*, 41 N.Y.2d 200, 359 N.E.2d 1335, 391 N.Y.S.2d 540 (1976) (where the court held that the defendant could be liable for a dog-bite injury to a twelve-year-old where the defendant had constructive notice of a dangerous condition, *i.e.*, the presence of a dog that chased children using the housing project's playground, and the defendant ignored this condition and failed to remove or prevent the danger).

■ The complaint alleged knowledge on the part of the defendant of the unsafe condition represented by dogs running loose within the project. As landlord, the defendant was under a duty to maintain safely those areas expressly reserved for the use in common of the different tenants. *See Torres v. Piggly Wiggly Shoprite Foods, Inc.*, 93 N.M. 408, 600 P.2d 1198 (Ct.App.), *cert. denied*, 93 N.M. 683, 604 P.2d 821 (1979). Whether the defendant exercised reasonable care in maintaining the common grounds of Valle Vista under the circumstances would depend on what the Housing Authority knew or should have known about loose-running dogs in the common area, whether such loose-running dogs should have been foreseen as a threat to the safety of the residents and invitees, and the means at the disposal of the Housing Authority to control the presence of loose-running dogs. These factual issues await resolution after fuller develop-ment of the record. We hold that the complaint sufficiently alleges facts that state a claim upon which relief could be granted. We reverse as to the Housing Authority and remand to the trial court.

IT IS SO ORDERED.

SOSA, Senior Justice, and WALTERS, J., concur.

SCARBOROUGH, C.J., and STOWERS, J., dissent.

STOWERS, Justice, dissenting.

In line with the reasons I espoused in *Miller v. New Mexico Department of Transportation*, 106 N.M. 253, 256, 741 P.2d 1374, 1377 (1987) (Stowers, J., dissenting), I must dissent in this case. In *Miller* the majority held that issuing a permit for an oversized vehicle constituted the maintenance of a highway so as to fall within the statutory waiver of sovereign immunity in Section 41–4–11(A) of the Tort Claims Act, Sections 41–4–1 to –29 (Repl.Pamp.1986). In this case, the majority opinion holds that a dog bite is within the purview of the operation or maintenance of any building, public park, machinery, equipment or furnishings so as to come within the waiver of immunity in Section 41–4–6. Once again, as in the *Miller* case, to ask the question—does a dog bite constitute the operation or maintenance of any building?—is to answer it, and the answer must be no. In the instant case, the majority opinion clearly ignores the legislative intent of the Tort Claims Act and the clear meaning of the language contained therein.

In New Mexico, governmental immunity exists *except with respect to eight classes of activities* which are specifically set out as exemptions in the Tort Claims Act, Sections 41–4–5 to –12. The legislative declaration embodied within Section 41–4–2(A) states: "[I]t is declared to be the public policy of New Mexico that governmental entities and public employees shall only be liable within the limitations of the Tort Claims Act * * *." In addition, Section 41–4–4 states that governmental entities and public employees, while acting within the scope of their duties, shall be immune

from liability for any tort except as waived by the Act. The public policy declaration of Section 41–4–2, and the immunities provision of Section 41–4–4, taken together, require that a plaintiff's cause of action must fit within one of the exceptions to the immunity granted to governmental entities and public employees. Only if immunity has been waived may the particular agency that caused the harm be held liable for the negligent act or omission of the public employee.

Castillo claims that the waiver of immunity in Section 41–4–6 should apply in this case to allow a cause of action against the County of Santa Fe Housing Authority. That section waives immunity for injuries "caused by the negligence of public employees while acting within the scope of their duties *in the operation or maintenance of any building*, public park, machinery, equipment or furnishings." (emphasis added). As correctly interpreted in *Wittkowski v. State*, 103 N.M. 526, 530, 710 P.2d 93, 97 (Ct.App.), *cert. quashed*, 103 N.M. 446, 708 P.2d 1047 (1985), *overruled on other grounds, Silva v. State*, 106 N.M. 472, 745 P.2d 380 (1987), this section covers injuries which have occurred as a result of a physical defect in the building.

In interpreting a statute, the words used will be given their ordinary and usual meaning unless the contrary is apparent. *See Methola v. County of Eddy*, 95 N.M. 329, 333, 622 P.2d 234, 238 (1980). Thus, I must agree with the holding of the court of appeals that, according to the plain meaning of Section 41–4–6, it is not within the contemplation of that section to include in the "operation or maintenance of any building [or] public park" the enforcement of animal control statutes. To hold otherwise would expand the "operation or maintenance of any building" exception far beyond its purpose and intent and do violence to the will of the legislature.

Today's decision overextends the waiver of immunity provision in 41–4–6 to include a cause of action never contemplated therein, and, it comes close to transforming the county housing authority into an insurer for injuries caused by domesticated animals who might roam the public areas. In essence, it constitutes judicial legislation, which we have stated repeatedly we will not do.

For these reasons, I dissent.

SCARBOROUGH, C.J., joins in dissent.