PUROLL v CITY OF MADISON HEIGHTS

Docket No. 116392. Submitted October 12, 1990, at Detroit. Decided November 21, 1990; approved for publication February 22, 1991, at 9:10 A.M. Leave to appeal sought.

Debra K. and Lavon Puroll brought an action in the Oakland Circuit Court against the City of Madison Heights, seeking damages for injuries sustained by Debra Puroll when she slipped and fell on a patch of ice in a municipal parking lot. The court, Alice L. Gilbert, J., granted the defendant's motion for summary disposition after finding that the claim did not fall within the public-building exception to governmental immunity. The plaintiffs appealed.

The Court of Appeals *held:*

The court properly granted summary disposition for the defendant because the public-building exception to governmental immunity does not extend to parking lots, especially where, as in this case, direct access to the public building is not possible from the lot.

Affirmed.

GOVERNMENTAL IMMUNITY — PUBLIC-BUILDING EXCEPTION — PARKING LOTS.

The public-building exception to governmental immunity does not apply to parking lots, particularly where entry to a public building is not directly possible from the parking lot (MCL 691.1406; MSA 3.996[106]).

*Law Offices of Samuel I. Bernstein* (by *Edmund O. Battersby*), for the plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Gail P. Massad*), for the defendant.

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 232, 294.

See the Index to Annotations under Governmental Immunity or Privilege; Parking Lots and Parking Garages; Snow, Ice, Sleet, or Frost.

Before: McDONALD, P.J., and HOOD and REILLY, JJ.

PER CURIAM. Plaintiffs appeal as of right from a circuit court order granting defendant's summary disposition motion on the basis of governmental immunity. The circuit court determined that plaintiff Debra Puroll's claim did not fall within the public-building exception to governmental immunity because the parking lot in which she slipped and fell was not immediately adjacent to the city hall.[1] We affirm.

Plaintiffs rely on *Pichette v Manistique Public Schools,* 403 Mich 268; 269 NW2d 143 (1978), and *Tilford v Wayne Co General Hosp,* 403 Mich 293; 269 NW2d 153 (1978), to support their assertion that the parking lot in question falls within the public-building exception to governmental immunity. MCL 691.1406; MSA 3.996(106). However, the scope of this exception has been narrowed considerably in the time since *Pichette* and *Tilford.* See *Reardon v Dep't of Mental Health,* 430 Mich 398; 424 NW2d 248 (1988).

Although *Pichette* and *Tilford* were not overruled by *Reardon,* we do not find these cases controlling because their facts are distinguishable. Rather, we find *Merritt v Dep't of Social Services,* 184 Mich App 522; 459 NW2d 10 (1990), and *Abrams v Schoolcraft Community College,* 178 Mich App 668; 444 NW2d 533 (1989), to be applicable and more persuasive. The facts in this case do not support plaintiffs' assertion that the parking lot was "immediately adjacent" to the city hall. Rather, the evidence reveals that direct access to the city hall was possible only from an entrance off the adjoining sidewalk. Because the public-

[1] Plaintiff Lavon Puroll brought a derivative claim based on loss of consortium, which was also dismissed.

building exception does not extend to parking lots, especially where direct access to the public building is not possible from the lot, *Merritt, supra; Abrams, supra,* the circuit court properly granted summary disposition for defendant.

Affirmed.