This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39033

**OSCAR ENRIQUEZ,**

Plaintiff-Appellant,

v.

**NEW MEXICO DEPARTMENT OF CORRECTIONS, SERGEANT BENITO GALLEGOS, OFFICER MANUEL ROMERO, and OFFICER KASEY BROYMON,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Bryan Biedscheid, District Judge**

The Kennedy Law Firm, P.C.
Joseph P. Kennedy
Albuquerque, NM

for Appellant

Jarmie & Rogers, P.C.
Mark D. Standridge
Mark D. Jarmie
Matthew D. Bullock
Las Cruces, NM

for Appellees

### MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** Plaintiff Oscar Enriquez appeals the district court's dismissal of his claims under the New Mexico Tort Claims Act (TCA), NMSA 1978, §§ 41-4-1 to -27 (1976, as amended through 2020), against Defendants the New Mexico Department of Corrections (NMDC) and three individual corrections officers (the Corrections Officers). On appeal, Plaintiff asserts that the district court incorrectly refused to apply (1) the law enforcement immunity waiver under Section 41-4-12;[1] or (2) the building operation immunity waiver under Section 41-4-6. We affirm with respect to Section 41-4-12 but remand for further proceedings because we conclude that Plaintiff stated a claim for waiver of immunity under Section 41-4-6.

**{2}** Because this is a memorandum opinion and the parties are familiar with the facts and procedural history, we discuss the facts only as they become necessary to our analysis.

## DISCUSSION

**{3}** The TCA grants immunity to all government entities and their employees from actions in tort. *See* § 41-4-4(A). The exceptions to this rule are the specific waivers of immunity contained in Sections 41-4-5 to -12. *See* § 41-4-4(A). Immunity for law enforcement officers is waived by Section 41-4-12 for "bodily injury . . . resulting from assault, battery, [or other intentional torts enumerated in this section] when caused by law enforcement officers while acting within the scope of their duties." *Id.* The Legislature also waived immunity under Section 41-4-6 for "damages resulting from bodily injury . . . caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building." *Id.* The district court granted Defendants' motion to dismiss, concluding that corrections officers are not law enforcement officers under Section 41-4-12 and "Section 41-4-6 does not waive immunity for the claims raised in Plaintiff's [f]irst [a]mended [c]omplaint." Plaintiff maintains that the district court improperly dismissed the amended complaint.

**{4}** In reviewing a motion to dismiss, we accept as true all facts well-pleaded and question only whether the plaintiff might prevail under any state of facts provable under the claim, because "[a] motion to dismiss tests the legal sufficiency of the complaint." *Callaway v. N.M. Dep't of Corrs.*, 1994-NMCA-049, ¶ 3, 117 N.M. 637, 875 P.2d 393 (alteration, internal quotation marks, and citation omitted). "A motion to dismiss should be granted only if it appears that upon no facts provable under the complaint could the plaintiff recover or be entitled to relief." *Castillo v. Santa Fe Cnty.*, 1988-NMSC-037, ¶ 4, 107 N.M. 204, 755 P.2d 48 (emphasis omitted). We briefly address Plaintiff's claim under Section 41-4-12 before turning to Section 41-4-6.

---

[1] Our Legislature amended Section 41-4-12 in 2020, but because the incident at issue occurred in 2016, those amendments do not apply to the present case. See § 41-4-12 annot. (noting in relevant part that the law enforcement officer definition became effective May 20, 2020). For this reason, we discuss only the preamendment version of the law enforcement immunity waiver, Section 41-4-12 (1977).

## I. The Corrections Officers Are Not Law Enforcement Officers Subject to Waiver of Immunity Under Section 41-4-12

{5} In order to establish that immunity is waived under Section 41-4-12, in relevant part, "a plaintiff must demonstrate that the defendants were law enforcement officers acting within the scope of their duties." *Weinstein v. City of Santa Fe ex rel Santa Fe Police Dep't*, 1996-NMSC-021, ¶ 7, 121 N.M. 646, 916 P.2d 1313. Plaintiff argues the Corrections Officers were law enforcement officers under Section 41-4-12 because they were performing the function of law enforcement officers. We agree with the district court's conclusion, however, that "it is well established that [NMDC] corrections officers are not law enforcement officers subject to suit under . . . Section 41-4-12."

{6} In *Callaway*, this Court held that "corrections officers are not law enforcement officers" under the TCA. 1994-NMCA-049, ¶ 12. The *Callaway* Court considered the definition of "law enforcement officer" set forth in Section 41-4-3(D) and concluded that corrections officers were not law enforcement officers because (1) their duties were supervisory, rather than custodial, and (2) they hold persons who were "convicted of, rather than accused of, crimes." *Callaway*, 1994-NMCA-049, ¶¶ 10-11; *see also* § 41-4-3(D) (including as law enforcement officers individuals "whose principal duties under law are to hold in custody any person *accused* of a criminal offense" (emphasis added)). Because corrections officers were not law enforcement officers as defined by Section 41-4-3(D), the waiver of immunity in Section 41-4-12 did not apply. *See Callaway*, 1994-NMCA-049, ¶¶ 1, 12; *see also Davis v. Bd. of Cnty. Comm'rs of Doña Ana Cnty.*, 1999-NMCA-110, ¶ 35, 127 N.M. 785, 987 P.2d 1172 (citing *Callaway*'s holding that corrections officers only hold convicted persons in custody and therefore are not law enforcement officers under Section 41-4-3(D)). At the hearing on Defendants' motion to dismiss, Plaintiff explicitly recognized that "the current state of the law is something of a bright-line rule and that corrections officers fall on the outside of the law enforcement officer rule." Regardless, Plaintiff explained that he

> brought this claim with the anticipation, or the idea, that at some point we may be in [an] appellate court and ask[ing] for modification of that rule— for a more fungible approach to what the Corrections Officers are actually doing at the time. We understand that under the current state of the law that the allegation is subject to dismissal because the court, obviously, is bound by the Court of Appeals decision on this issue.

On appeal, however, Plaintiff does not ask us to reconsider or modify *Callaway* or adopt a "more fungible approach." *See Kreutzer v. Aldo Leopold High Sch.*, 2018-NMCA-005, ¶ 61, 409 P.3d 930 (noting the lack of a developed argument permits this Court to decline to consider reversing controlling case law). Plaintiff offers no compelling reason to depart from *Callaway. See Padilla v. State Farm Mut. Auto. Ins. Co.*, 2003-NMSC-011, ¶ 7, 133 N.M. 661, 68 P.3d 901 (explaining that stare decisis "dictates adherence to precedent" and requires a compelling reason to overrule a prior case). Accordingly, we conclude that Section 41-4-12 does not waive immunity for the Corrections Officers, and to the extent, if any, that Plaintiff argues that NMDC is subject to a waiver of

immunity under Section 41-4-12, we disagree. Liability for an entity like NMDC under the TCA "requires two things: (1) a negligent public employee who meets one of the waiver exceptions under Sections 41-4-5 to -12; and (2) an entity that has immediate supervisory responsibilities over the employee." *Silva v. State*, 1987-NMSC-107, ¶ 15, 106 N.M. 472, 745 P.2d 380 (internal quotation marks and citation omitted). Because immunity is not waived for the Corrections Officers under Section 41-4-12, Plaintiff failed to state a claim against NMDC. *See Silva*, 1987-NMSC-107, ¶ 15. We affirm the district court's dismissal of Plaintiff's Section 41-4-12 claim because at the time of the alleged incident,[2] the Corrections Officers were not law enforcement officers for the purposes of Section 41-4-12. Next, we consider Plaintiff's claim for waiver of immunity under Section 41-4-6(A).

## II.     Plaintiff Stated a Claim for Waiver of Immunity Under Section 41-4-6(A)

**{7}**     Section 41-4-6(A) waives immunity for governmental entities based on injury "caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings." *Encinias v. Whitener Law Firm, P.A.*, 2013-NMSC-045, ¶ 9, 310 P.3d 611 (internal quotation marks and citation omitted). The negligence alleged "must be of a kind which makes the premises dangerous, or potentially so, to the affected public, the consumers of the service[,] or the users of the building." *Lessen v. City of Albuquerque*, 2008-NMCA-085, ¶ 22, 144 N.M. 314, 187 P.3d 179 (internal quotation marks and citation omitted). Immunity is not waived "for a single, discrete administrative decision affecting only a single person, as opposed to a dangerous condition affecting the general public." *Id.* (internal quotation marks and citation omitted). To qualify for this waiver, a plaintiff may allege that the operation or maintenance of a facility created a dangerous condition on the property. *See Leithead v. City of Santa Fe*, 1997-NMCA-041, ¶ 5, 123 N.M. 353, 940 P.2d 459. While the Section 41-4-6 waiver does not apply to "claims of negligent supervision, negligent design, negligent inspection, or negligent classification of a prison inmate," *Espinoza v. Town of Taos*, 1995-NMSC-070, ¶ 8, 120 N.M. 680, 905 P.2d 718 (citations omitted), it does apply to safety policies necessary to protect the general public or the class of people who use the building. *Kreutzer*, 2018-NMCA-005, ¶ 69. Thus, to sufficiently plead waiver of immunity under Section 41-4-6(A), Plaintiff must have alleged the following: (1) damages resulting from bodily injury caused by the negligence of public employees acting in the scope of their duties, (2) in the operation or maintenance of a premises, (3) which created a dangerous condition, and (4) that posed a risk to the general public or a class of people who use the premises. *See Upton v. Clovis Mun. Sch. Dist.*, 2006-NMSC-040, ¶ 8, 140 N.M. 205, 141 P.3d 1259. Defendants argue that Plaintiff's complaint fails because it (1) did not identify a dangerous condition on the premises; (2) pleaded an intentional tort instead of negligence; and (3) did not allege a risk of danger to the general prison population. We are unpersuaded.

---

2The 2020 amendment to Section 41-4-12 expanded the definition of "law enforcement officer" to include "a public officer or employee vested by law with the power to maintain order, to make arrests for crime or to detain persons suspected of *or convicted of* committing a crime." (Emphasis added.)

**{8}** The "negligence of employees" can be attributed to negligent employee supervision or training "that is part of the operation of the building," *id.* ¶ 16, provided that the negligence creates a dangerous condition on the premises. *See id.* ¶ 21. Plaintiff alleged that the Corrections Officers, as public employees acting within the scope of their duties, were negligently trained to handle fights between inmates and that negligent training created a dangerous condition in the prison and caused injury to Plaintiff. Plaintiff specifically asserted:

> 40. Defendants' lack of proper training created an unsafe and dangerous condition on the property.

> 41. Defendants' response to the incident created a general condition of unreasonable risk from negligent security practices.

> 42. The deployment of munitions in the pod against a number of compliant inmates created a dangerous condition on the premises of the facility.

> 43. The failure to properly train in the use of munitions and in handling inmate fights created a dangerous condition on the premises of the facility.

> 44. This dangerous condition caused Plaintiff's injuries.

> 45. The legislature has waived sovereign immunity for bodily injury caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building pursuant to Section 41-4-6.

Based on these allegations, we conclude that Plaintiff pleaded a potential dangerous condition at the penitentiary that was created by the alleged negligent training of the Corrections Officers in the use of munitions and in handling inmate fights. *See McDermitt v. Corrs. Corp. of Am.*, 1991-NMCA-034, ¶ 1, 112 N.M. 247, 814 P.2d 115 (explaining that immunity was waived under Section 41-4-12 by negligent training and supervision that caused a specified tort or violation of rights); *Ortiz v. N.M. State Police*, 1991-NMCA-031, ¶ 14, 112 N.M. 249, 814 P.2d 117 (same). Contrary to Defendants' argument, Plaintiff alleged more than an intentional tort resulting from the use of "overwhelming force." Plaintiff alleged that the negligent training and supervision of the Corrections Officers—the negligence—resulted in the use of "overwhelming force"—the dangerous condition—as evidenced by their deployment of munitions and general handling of the inmate fight.

**{9}** We further reject Defendants' argument that Plaintiff failed to sufficiently allege that this dangerous condition resulted in a risk to the general prison population and not just to Plaintiff. In *Espinoza*, our Supreme Court explained this Court's observation in *Callaway* that security practices could result in unsafe conditions for the entire prison population. *Espinoza*, 1995-NMSC-070, ¶ 13. Plaintiff's amended complaint alleged that other inmates were at risk due to the potential dangerous condition created by the

Corrections Officers' improper training with regard to inmate fights. Plaintiff's allegations against Defendants are not specific to Defendants' treatment of him. The allegations instead asserted a potential threat to the inmates as users of the penitentiary building, who live together in a shared environment and are subject to the supervision of public employees. *See Callaway*, 1994-NMCA-049, ¶¶ 17-18 (holding that without clear legislative intent that Section 41-4-6 applied more restrictively based on a party's status as a prison inmate, a segment of the prison population at risk from a dangerous condition could justify waiver); *see also Castillo*, 1988-NMSC-037, ¶ 9 (holding the premises liability waiver applied because the condition threatened residents and their invitees as users of the public building).

**{10}** We reiterate that in "reviewing the dismissal of a complaint for failure to state a cause of action, we accept as true all facts well pleaded and question only whether the plaintiff *might* prevail under any [provable] state of facts." *Callaway*, 1994-NMCA-049, ¶ 3 (emphasis added) (internal quotation marks and citation omitted); *see also Kreutzer*, 2018-NMCA-005, ¶ 47 (explaining there must first be a waiver of immunity before there is a need to address the elements of the alleged negligence). In this context and applying this standard, we conclude that Plaintiff's amended complaint alleged that the negligent training and supervision of public employees created a dangerous condition for the prison inmates, which could support a waiver of immunity under Section 41-4-6.

**CONCLUSION**

**{11}** We affirm in part, reverse in part, and remand for further proceedings.

**{12}  IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**SHAMMARA H. HENDERSON, Judge**