RETIRED POLICEMEN & FIREMEN OF THE CITY OF
LINCOLN PARK v. CITY OF LINCOLN PARK.

OPINION OF THE COURT.

1. JUDGMENT—SUMMARY JUDGMENT—PURPOSE.
   Summary judgment procedure provided by court rules has a two-fold purpose: first, to test the legal validity of claims and defenses; second, to expose a sham claim or defense (GCR 1963, 117).

2. SAME—SUMMARY JUDGMENT—ISSUES.
   No factual issues were raised where complaint alleged fraud, without alleging facts constituting fraud, no answer was filed, and defendant, by motion for summary judgment, supported by affidavit, introduced a city charter amendment as defense to the action, and plaintiff failed to file opposing affidavits (GCR 1963, 117).

3. PENSIONS—MUNICIPAL CORPORATION—OBLIGATION.
   An obligation of a municipal corporation created under a pension plan before the effective date of present Constitution was not a contractual obligation, and could be altered or terminated at the will of the municipality, at least while acting within reasonable limits (Const 1963, art 9, § 24).

4. SAME—MUNICIPAL CORPORATIONS—SALARY DEDUCTIONS—VESTED RIGHTS.
   Salary deductions from salaries of municipal employees made pursuant to municipal pension plan did not create a vested right in a pension before the effective date of the present Constitution (Const 1963, art 9, § 24).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur, Pleading §§ 340, 341.
[2, 7, 9–11] 41 Am Jur, Pleading §§ 340–342.
[3, 4] 37 Am Jur, Municipal Corporations § 40.
[5, 6] 40 Am Jur, Pensions § 24.
[8] 41 Am Jur, Pleading § 362.

5. SAME—MUNICIPAL CORPORATION—OBLIGATION—CONSTITUTION.

Accrued financial benefits of a pension plan, since the adoption of the present Constitution, are a vested contractual obligation of a city, but the terms of such a plan remain otherwise unchanged by the Constitution (Const 1963, art 9, § 24).

6. SAME—CITY—PLAN—CHARTER AMENDMENT—TERMS.

Amendment of city charter, made in 1957, which altered previously existing pension plan for policemen and firemen remained in effect after present Constitution became effective, the only difference being that after the effective date of the new Constitution, rights accrued under the pension plan were vested contractual rights (Const 1963, art 9, § 24).

7. JUDGMENT—SUMMARY JUDGMENT—MUNICIPAL CORPORATION—PENSIONS.

Summary judgment in favor of defendant city *held,* properly granted in case where retired city policemen and firemen sued city for amounts alleged to be due under pension plan as it existed prior to adoption of charter amendment, but did not claim that the charter amendment was ineffective or that they were not receiving correct amounts under terms of amendment.

DISSENTING OPINION.

LESINSKI, C. J.

8. PLEADING—JOINDER OF ISSUE.

*An issue of fact does not exist until issue is joined by filing an answer.*

9. SAME—SUMMARY JUDGMENT—GENUINE ISSUE.

*Genuineness of issues of fact cannot be tested by motion for summary judgment supported by affidavit, when no issue has been joined to test (GCR 1963, 117.2[3]).*

10. JUDGMENT—SUMMARY JUDGMENT—GROUND FOR RELIEF.

*Ground for relief by summary judgment must appear on the face of a pleading attacked by motion for summary judgment, when issue has not been joined by answer to such pleading (GCR 1963, 117.2[1]).*

11. SAME—SUMMARY JUDGMENT—PLEADING.

*Summary judgment is not appropriate in favor of defendant who has not joined issue when plaintiffs' pleadings, on their face, state a cause of action (GCR 1963, 117.2[1]).*

Appeal from Wayne; Moynihan (Joseph A. Jr.),
J. Submitted Division 1 October 7, 1966, at Detroit.
(Docket No. 2,036.) Decided March 28, 1967. Leave
to appeal denied July 25, 1967.

Complaint by Retired Policemen & Firemen of
the City of Lincoln Park, a voluntary association,
and 8 individual plaintiffs, against the City of
Lincoln Park, a municipal corporation, for amounts
alleged to be due as pension payments, and for an
accounting. Summary judgment for defendant.
Plaintiffs appeal. Affirmed.

*James Thomson,* for plaintiffs.

*Robert E. Butcher,* City Attorney, for defendant.

HOLBROOK, J. By charter amendment dated July
1, 1943, a pension plan known as the city of Lincoln
Park policemen's and firemen's retirement system
was created for the benefit of retired policemen
and firemen of the city of Lincoln Park, Michigan.
The benefits payable to each retiree under this plan
were computed by means of a formula which con-
sisted of a fixed fraction (1/50) of the employee's
earnable compensation multiplied by the employee's
number of years of service, not exceeding 25 years.
The term "earnable compensation" is a variable
designed to make the amount of pensions fluctuate
up or down in accordance with fluctuations in the
pay of active policemen and firemen.

On April 12, 1957, the Lincoln Park charter was
amended so as to delete all reference to earnable
compensation. The formula used to determine pen-
sion benefits is now based on a fixed percentage
(2%) of the employee's average final compensation.
This 1957 amendment is still in effect.

The plaintiffs, 8 in all, instituted this action on
July 30, 1965, to recover claimed deficiencies in

pension payments.   The complaint set forth the
1943 charter provisions referred to above and re-
quested discovery and an accounting of the amounts
alleged to be unpaid.   The complaint also alleged
fraud on the part of the defendant city.   The de-
fendant filed a motion for summary judgment on
the ground that the complaint failed to state a
claim upon which relief could be granted.   The
motion and supporting affidavit, filed pursuant to
GCR 1963, 117.2(1), both set forth the 1957 change
in the pension plan contained in the city charter.
Although the motion was filed under GCR 1963,
117.2(1), the substance of the motion indicates that
it was made under GCR 1963, 117.2(3), since no
material issue of fact is raised by the record.   This
deficiency is not fatal.[1]   In response to this mo-
tion, plaintiffs filed an amended complaint, incor-
porating by reference the original complaint.   The
amended complaint, aside from incorporating the
original complaint, consisted wholly of an itemiza-
tion of the sums alleged to be owing to each indi-
vidual plaintiff, and did not address itself to the
amended charter provisions.[2]   This was not suffi-
cient to meet the issue raised in defendant's motion
and supporting affidavit.   *Durant* v. *Stahlin* (1965),
375 Mich 628, 658.

The lower court granted defendant's motion for
summary judgment without opinion and plaintiffs
appeal.

"Once again we are met with the devastating
consequences of a motion for summary judgment
when a plaintiff must scramble to 'put his house

---

[1] CLS 1961, § 600.2315(3) (Stat Ann 1962 Rev § 27A.2315[3]).
[2] There is no indication in either the amended complaint or in the
original complaint as to what the effect of the 1957 amendment was
on plaintiffs' pension benefit, *i.e.*, were these benefits frozen by the
1957 amendment or did the 1957 amendment as applied to plaintiffs
result in lower pension benefits?

in order' and to make sure that he may not be successfully challenged as to the existence of the facts upon which he purports to build his case.

"It is obvious that the motion for summary judgment, directed to the sufficiency of the pleadings, immediately brings plaintiffs under a duty to allege facts in their affidavits which could justify a trial court in finding a meritorious cause of action." *Beck* v. *Delta Recreation Corporation* (1966), 2 Mich App 518, 522, citing *Dionne* v. *Pierson Contracting Company* (1965), 2 Mich App 134.

The summary judgment procedure provided for in GCR 1963, 117, has a twofold purpose: first, to test the legal validity of claims and defenses, and second, to expose a sham claim or defense. 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 358. When either of these purposes may be served, summary judgment must be entered. GCR 1963, 117.3.

In the instant case, an examination of the pleadings in the record fails to disclose any factual issues. The original complaint contains a brief allegation of fraud in the following language: "That the defendants have defrauded these plaintiffs out of their just and legal benefits under their retirement system given to them by the taxpayers and voters of the city of Lincoln Park." Plaintiffs' attorney failed to file affidavits setting forth facts in support of this allegation. It would appear also that this allegation of fraud would be subject to attack under GCR 1963, 111.1(1) because the vague and unspecific language of the paragraph does not inform the defendant of the nature of the cause it is called upon to defend. The original complaint demanded discovery and an accounting. Plaintiffs' attorney failed to file affidavits setting forth facts in support of either demand. The motion for summary judgment and affidavit in support thereof in-

terposed the 1957 charter amendment. Nowhere in the record of this case has plaintiffs' attorney even mentioned this amendment. From the foregoing it is manifest that plaintiffs' attorney did not have enough faith in his own pleading to attempt to buttress it with an affidavit setting out the particulars of the allegations contained therein. It is also manifest that there are no factual issues raised by the record of this case. The only issue is a legal one.

The plaintiffs in this case all retired between 1948 and 1953, while the 1943 pension provisions were still in effect. The question is whether the city, by altering the pension formula, may reduce the annuities payable to pensioners.

In *Brown* v. *City of Highland Park* (1948), 320 Mich 108, plaintiff Brown, a policeman, retired in 1943. The city charter pension provisions were amended in 1945, resulting in reduced pension payments. In response to plaintiff's claim that he had a vested contractual interest in the higher pension, the court at pp 113, 114 said:

"We entertain no doubt that it is competent for the city of Highland Park to adopt a pension system reasonable in its provisions, but the important question in this case is whether a contract was entered into on the part of the city of Highland Park with each of the plaintiffs, the obligation of which the city is forbidden by the Federal Constitution to impair. * * *

"We are convinced that the majority of cases in other jurisdictions establishes the rule that a pension granted by public authorities is not a contractual obligation, that the pensioner has no vested right, and that a pension is terminable at the will of a municipality, at least while acting within reasonable limits. *At best plaintiffs in this case have an expectancy based upon continuance of existing charter provisions.*" (Emphasis supplied.)

This ruling has been changed by virtue of Const 1963, art 9, § 24, which makes the financial benefits of a pension plan a contractual obligation of the city. However, with respect to the obligations created by pension plans prior to the effective date of the 1963 Constitution the *Brown* decision, *supra,* still controls. Also, even though pensions are now given contractual status, the terms thereof still remain otherwise unchanged. As applied to the instant case, this means that the 1957 amendment to the Lincoln Park city charter remains in full force and effect, with the only change being that the rights thereunder are now vested.

A case which on the surface appears to be more helpful to plaintiffs in the instant case is *Campbell* v. *Judges Retirement Board* (1966), 378 Mich 169, where it was held that the rights of retired judges in their pension system were of a contractual nature and therefore could not be impaired. The distinguishing factor between *Campbell, supra,* and the instant case, however, is that in *Campbell* the judges voluntarily entered into the pension plan and made contributions thereto from their own funds resulting in a contractual relationship. Where municipal employers are concerned, however, prior to the effective date of the 1963 Constitution, deductions from salaries do not create a vested right in a pension. *Van Coppenolle* v. *City of Detroit* (1946), 313 Mich 580.

Nowhere in the record does it appear that plaintiffs have claimed that they are not receiving the correct pension amounts under the terms of the 1957 amendment. Plaintiffs have not even challenged the effectiveness of that amendment.

We conclude, therefore, that this case was a proper one for summary judgment and that the lower court, in view of the existing law on the

subject, decided the legal issue correctly in favor of defendant.

J. H. GILLIS, J., concurred.

LESINSKI, C. J. (*dissenting*). Since the defendant failed to join issue by filing an answer in the cause, it is not in a position to test the genuineness of issues of fact alleged in the pleadings, by motion and affidavit, under GCR 1963, 117.2(3). An issue of fact does not exist until issue is joined.

The defendant is not entitled to summary judgment under the provisions of GCR 1963, 117.2(1), for, on their face, plaintiffs' pleadings state a cause of action. The ground for the relief requested must, if at all, appear on the face of the pleading so attacked. See Mr. Justice SOURIS' concurring opinion in *Durant* v. *Stahlin* (1965), 375 Mich 628, 643, 644.

I would vote to set aside the summary judgment.