## ABRAMS v SCHOOLCRAFT COMMUNITY COLLEGE

Docket No. 104873. Submitted December 13, 1988, at Detroit. Decided February 28, 1989.

Diane Abrams, a student at Schoolcraft Community College, sustained injury when she slipped on a patch of ice and fell in one of the college's parking lots. Abrams brought a negligence action in Wayne Circuit Court against the college. The trial court, John H. Hausner, J., granted summary disposition in favor of defendant, ruling that the action was barred by governmental immunity. Plaintiff appealed.

The Court of Appeals *held:*

1. In order for the public building exception to governmental immunity to apply in a given case, the injury must have resulted from a defect or dangerous condition of the building itself or the immediately adjacent premises. Here, the exception cannot apply as the parking lot was not immediately adjacent to a school building.

2. Plaintiff, in her complaint, failed to either allege that her claim fell within the highway exception to governmental immunity or cite the relevant statute. Plaintiff therefore failed to properly plead the applicability of this exception.

Affirmed.

1. TORTS — GOVERNMENTAL IMMUNITY — PLEADING.

In order to state an actionable tort claim against a governmental agency, a plaintiff must plead facts in the complaint in avoidance of governmental immunity from tort liability.

2. GOVERNMENTAL IMMUNITY — PUBLIC BUILDINGS.

The public building exception to governmental immunity from tort liability applies only where injury resulted from a defect or dangerous condition of the building itself or the immediately adjacent premises (MCL 691.1406; MSA 3.996[106]).

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges § 112; Municipal, County, School, and State Tort Liability §§ 42 *et seq.*, 91, 232, 290, 294 *et seq.*, 563.

Modern status of doctrine of sovereign immunity as applied to public schools and institutions of higher learning. 33 ALR3d 703.

3. GOVERNMENTAL IMMUNITY — HIGHWAYS — PLEADING.

A plaintiff fails to properly plead the applicability of the highway exception to governmental immunity from tort liability to a claim brought against a governmental agency where the complaint fails to either allege that the claim falls within the exception or cite the relevant statute (MCL 691.1402; MSA 3.996[102]).

*Blum & Konheim* (by *David J. Elkin*), for plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Michael E. Rosati* and *Marcia L. Howe*), for defendant.

Before: BEASLEY, P.J., and GILLIS and J. T. HAMMOND,[*] JJ.

PER CURIAM. Plaintiff, Diane Abrams, appeals as of right from a trial court order granting summary disposition in favor of defendant, Schoolcraft Community College, on the basis of governmental immunity. We affirm.

Plaintiff's claim arose out of a slip and fall. On February 5, 1987, plaintiff, a student at defendant college, parked her car in one of defendant's lots. Upon alighting from her vehicle, plaintiff allegedly slipped on a patch of ice, sustaining injuries. Plaintiff filed suit against defendant alleging negligence. Defendant moved for summary disposition pursuant to MCR 2.116(C)(7) and (8). The trial court granted the motion and, subsequently, denied plaintiff's motion for reconsideration. Plaintiff appeals.

The Michigan Legislature has provided governmental agencies with broad immunity from tort liability:

---

[*] Circuit judge, sitting on the Court of Appeals by assignment.

Except as otherwise provided in this act, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided in this act, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed before July 1, 1965, which immunity is affirmed.[1]

The Legislature has also provided a number of exceptions where the bar of governmental immunity is lifted.

In order to state an actionable claim against a governmental agency, a pleader must plead facts in the complaint in avoidance of immunity.[2] Plaintiff argued below that the public building exception[3] applies here.[4] In order for the public building exception to apply, the injury must have resulted from a defect or dangerous condition of the building itself or the immediately adjacent premises.[5]

Plaintiff urges us to lend a wide and liberal construction to the exception, but we decline the invitation. While it may be true that there was a time in this state's jurisprudence when some implications of broad construction arose,[6] we do not construe that to currently be the rule in light of

[1] MCL 691.1407(1); MSA 3.996(107)(1).

[2] *Scameheorn v Bucks,* 167 Mich App 302, 306-307; 421 NW2d 918 (1988).

[3] MCL 691.1406; MSA 3.996(106).

[4] While plaintiff did not specifically allege the applicability of this exception in her complaint, the trial court, in ruling on defendant's motion, stated: "I'm ruling on this as though you had [pled] the [p]ublic [b]uilding [e]xception, as though I let you amend and plead it." On appeal, we will address the issue in a like fashion.

[5] *Reardon v Dep't of Mental Health,* 430 Mich 398, 415; 424 NW2d 248 (1988).

[6] Specifically, plaintiff directs our attention to *Pichette v Manistique Public Schools,* 403 Mich 268; 269 NW2d 143 (1978), and *Tilford v Wayne Co General Hosp,* 403 Mich 293; 269 NW2d 153 (1978).

*Reardon v Dep't of Mental Health,*[7] wherein the Supreme Court rejected expansive interpretation of the public building exception to governmental immunity. In this factual context and in view of the narrow interpretation called for under *Reardon,* it does not appear that the parking lot was "immediately adjacent" to a school building so as to possibly fall within the public building exception.

Plaintiff also argues that the highway exception to governmental immunity[8] applies to her claim. However, plaintiff failed to properly plead the applicability of this exception. Plaintiff's complaint failed to either allege that her claim fell within the highway exception or cite the relevant statute.[9] Accordingly, the highway exception cannot serve to save plaintiff's claim in the face of governmental immunity.

The trial court's order granting summary disposition in favor of defendant is, thereby, affirmed.

Affirmed.

---

[7] *Supra* at 412-415.

[8] MCL 691.1402; MSA 3.996(102).

[9] See *Davis v Detroit,* 149 Mich App 249, 264; 386 NW2d 169 (1986), lv den 426 Mich 856 (1986); *Mosqueda v Macomb Co Youth Home,* 132 Mich App 462, 470; 349 NW2d 185 (1984).