## HENDRICKS v SOUTHFIELD PUBLIC SCHOOLS

Docket No. 104017. Submitted December 12, 1988, at Detroit. Decided March 22, 1989.

Mack Levin Hendricks, an eight-year-old student in the Southfield Public School system, was injured when pushed from a pile of snow on the playground of his school during recess activities. The snow pile resulted from the clearing of snow from the parking lot. Mack Hendricks, by his next friend McLevyonne Hendricks, and McLevyonne Hendricks and Barbara Hendricks filed suit against the Southfield Public Schools in Oakland Circuit Court, arguing that the pile of snow was a nuisance in fact for which governmental immunity does not apply and that the pile of snow created a defective building condition in avoidance of governmental immunity. The court, James S. Thorburn, J., granted summary disposition in favor of defendant on the basis that plaintiffs failed to plead facts in avoidance of governmental immunity. Plaintiffs appealed.

The Court of Appeals *held:*

1. The public building exception to governmental immunity cannot be extended to include the temporary condition of mounds of snow piled in the playground of a public school. Plaintiffs' claim was so clearly unenforceable as a matter of law that no factual development could justify plaintiffs' right to recovery. Summary disposition was properly granted as to this issue.

2. The mounds of snow cannot be deemed an intentional nuisance overcoming the claim of governmental immunity. An intentionally created nuisance requires proof that the party creating or continuing the nuisance knew or must have known that harm to a plaintiff was substantially certain to follow. In this case it cannot be said that harm was substantially certain to follow from the presence of the amount of snow at issue. The

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 161, 166, 294 *et seq.*, 563.

Tort liability of public schools and institutions of higher learning for injuries due to condition of grounds, walks, and playgrounds. 37 ALR3d 738.

trial court did not err in granting summary disposition on the basis that the piles of snow did not constitute an intentional nuisance.

Affirmed.

1. GOVERNMENTAL IMMUNITY — PUBLIC BUILDINGS EXCEPTION — SCHOOL PLAYGROUNDS — SNOW.

The public building exception to governmental immunity has been interpreted to include items permanently affixed to a public building, but does not extend to all public places; its coverage does not extend to include mounds of snow temporarily piled in a school playground as the result of the clearing of the snow from the school parking area (MCL 691.1406; MSA 3.996[106]).

2. NUISANCE — INTENTIONAL NUISANCE — GOVERNMENTAL IMMUNITY.

A plaintiff, in order to establish a claim of intentional nuisance against a governmental agency, must show that there is a condition which is a nuisance and that the agency intended to create that condition; a plaintiff must show that the agency which created or continued the nuisance knew or must have known that harm to the plaintiff was substantially certain to follow as a result of its actions.

*Roth & Dean, P.C.* (by *Leslie M. Kohn*), for plaintiffs.

*Law Offices of Natinsky & Jaffa* (by *Jonathan M. Jaffa*), for defendant.

Before: WEAVER, C.J., and SULLIVAN and R. A. BENSON,* JJ.

PER CURIAM. Plaintiffs appeal as of right from a circuit court order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(8) on the basis that plaintiffs failed to plead facts in avoidance of governmental immunity. We affirm.

On appeal, plaintiffs argue that the public building exception to governmental immunity applies to their case because piles of snow located on a school

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

playground constitute a dangerous condition of a public building. MCL 691.1406; MSA 3.996(106). We disagree.

A motion for summary disposition pursuant to MCR 2.116(C)(8) tests the legal sufficiency of the pleadings. The court must accept as true all well-pled factual allegations plus any conclusions to be reasonably drawn therefrom and may grant the motion only when the claim is so clearly unenforceable as a matter of law that no factual development could justify a right to recovery. *Scameheorn v Bucks,* 167 Mich App 302, 306; 421 NW2d 918 (1988), lv den 430 Mich 886 (1988).

The public building exception to governmental immunity has been interpreted to include items permanently affixed to a public building. *Pichette v Manistique Public Schools,* 403 Mich 268, 275, 282; 269 NW2d 143 (1978); *Tilford v Wayne Co General Hosp,* 403 Mich 293, 300; 269 NW2d 153 (1978). See also *Gibson v Grand Rapids,* 162 Mich App 100, 104; 412 NW2d 658 (1987), lv den 429 Mich 901 (1988); *Velmer v Baraga Area Schools,* 430 Mich 385; 424 NW2d 770 (1988); *Lee v Highland Park School Dist,* 118 Mich App 305; 324 NW2d 632 (1982), lv den 422 Mich 902 (1985). Our Supreme Court has indicated that the public building exception will not be so expansively interpreted as to extend to all public places. See *Jolly v City of St Clair,* 428 Mich 860; 400 NW2d 597 (1987), rev'g 153 Mich App 824; 396 NW2d 552 (1986).

We do not believe that the Legislature intended its immunity exception to include the temporary condition of snow piles. Accepting as true all of plaintiffs' factual allegations contained in their pleadings and the conclusions to be reasonably drawn therefrom, plaintiffs' claim was so clearly unenforceable as a matter of law that no factual

development could justify plaintiffs' right to recovery. Hence the trial court did not err in granting summary disposition on the basis that the piles of snow did not fall within the public building exception to the defense of governmental immunity. *Scameheorn, supra.*

We are also unpersuaded by plaintiffs' argument that the mounds of snow should be deemed an intentional nuisance by which the claim of governmental immunity could be overcome.

To establish a claim of intentional nuisance against a governmental agency, a plaintiff must show that there is a condition which is a nuisance and that the agency intended to create that condition. *Scameheorn, supra* at 308. See *Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139, 192-195; 422 NW2d 205 (1988), rev'g *Veeneman v Michigan,* 143 Mich App 694; 373 NW2d 193 (1985); *Id.* at 195-199, rev'g *Landry v Detroit,* 143 Mich App 16; 371 NW2d 466 (1985).

Because the injury of which plaintiffs complain resulted from the school's failure to remove the mound of snow from the playground after clearing the parking lot, we conclude that the trial court in this case did not err in granting summary disposition to defendant on the basis that plaintiffs' well-pled facts involve circumstances showing the school's failure to act in removing the piles of snow.

Further, an intentionally created nuisance requires proof that the party creating or continuing the nuisance knew or must have known that harm to a plaintiff was substantially certain to follow. *Scameheorn, supra* at 309; *Rosario v Lansing,* 403 Mich 124, 143, n 2; 268 NW2d 230 (1978). Here, it cannot be said that harm was substantially certain to follow from the presence of the amount of snow at issue.

Accepting as true all of plaintiffs' factual allegations contained in the pleadings and conclusions to be reasonably drawn therefrom, plaintiffs could not have proved an intentionally created nuisance. Accordingly, the trial court did not err in granting summary disposition on the basis that the piles of snow did not constitute an intentional nuisance. *Scameheorn, supra.*

Affirmed.