MERRITT v DEPARTMENT OF SOCIAL SERVICES

Docket No. 110802. Submitted December 14, 1989, at Lansing. Decided February 8, 1990.

Inez Merritt was injured when she slipped and fell on an accumulation of ice in a parking lot maintained by the Department of Social Services and located next to a DSS building. Inez and W.C. Merritt filed suit against the DSS in the Court of Claims alleging negligence and relying on the public building exception to governmental immunity. The court, Peter D. Houk, J., granted summary disposition in favor of the DSS. Plaintiffs appealed.

The Court of Appeals *held:*

The reach of the public building exception to governmental immunity does not extend to parking lots, particularly where, as here, the facts indicate that entry and exit from defendant's building is not possible directly from the parking lot, but must be done from an entrance off a sidewalk.

Affirmed.

GOVERNMENTAL IMMUNITY — PUBLIC BUILDING EXCEPTION — PARKING LOTS.

The reach of the public building exception to governmental immunity does not extend to parking lots, particularly where entry to and exit from the defendant's building is not possible directly from the parking lot (MCL 691.1406; MSA 3.996[106]).

*Gittleman, Paskel, Tashman & Blumberg, P.C.* (by *Gary R. Blumberg*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *A. Michael Leffler* and *Ronald W. Emery,* Assistant Attorneys General, for defendant.

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 232, 294.

See the Index to Annotations under Governmental Immunity or Privilege; Parking Lots and Parking Garages.

Before: REILLY, P.J., and CYNAR and T. M. BURNS, * JJ.

PER CURIAM. This is an action for injuries suffered by plaintiff Inez Merritt when she slipped and fell on an accumulation of ice in a parking lot maintained by defendant Department of Social Services and located adjacent to defendant's building. In their complaint, plaintiffs relied on the public building exception to governmental immunity, MCL 691.1406; MSA 3.996(106). The trial court granted defendant's motion for summary disposition, and plaintiffs appeal as of right. We affirm.

Relying on *Tilford v Wayne Co General Hosp,* 403 Mich 293; 269 NW2d 153 (1978), plaintiffs argue that the parking lot in this case is a "passageway" into defendant's building and ice on a passageway to a public building constitutes a dangerous or defective condition coming within the public building exception to governmental immunity. We disagree.

The scope of the public building exception has been narrowed considerably since *Tilford, supra.* See *Reardon v Dep't of Mental Health,* 430 Mich 398; 424 NW2d 248 (1988). The *Tilford* Court held that an entrance way to a public building fell within the exception. While the holding in *Tilford, supra,* may still be viable since *Reardon, supra,* this Court has not extended the reach of the exception to parking lots, particularly where, as here, the facts indicate that entry and exit from defendant's building is not possible directly from the parking lot, but must rather be done from an entrance off of a sidewalk. See *Abrams v Schoolcraft Community College,* 178 Mich App 668; 444

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

NW2d 533 (1989) (slip and fall on ice in school parking lot); see also *Hendricks v Southfield Public Schools,* 178 Mich App 672; 444 NW2d 143 (1989) (fall from snow pile in school playground).

Affirmed.