## HALL v DETROIT BOARD OF EDUCATION

Docket No. 119536. Submitted June 22, 1990, at Detroit. Decided July 26, 1990.

Brenda Hall brought an action in the Wayne Circuit Court against the Detroit Board of Education and Allan Hall, a custodian at the Harding School, seeking damages for injuries sustained after she slipped and fell on ice on public school property adjacent to the school building. The trial court, Robert J. Colombo, Jr., J., granted summary disposition for the defendants on the basis of governmental immunity. The plaintiff appealed.

The Court of Appeals *held:*

1. The duty imposed by the public building exception to the governmental immunity act relates to dangers actually presented by the building itself. Neither a municipality nor a landowner has a duty to a licensee such as the plaintiff to remove the natural accumulation of ice and snow from any location.

2. Any liability of the school's custodian is derivative of the school's. Because the school is not liable, neither is the custodian.

Affirmed.

1. GOVERNMENTAL IMMUNITY — PUBLIC BUILDINGS.

The duty imposed by the public building exception to governmental immunity relates to dangers actually presented by the building itself and not to dangers presented on public property adjacent to a public building (MCL 691.1406; MSA 3.996[106]).

2. NEGLIGENCE — SLIP AND FALL — ICE AND SNOW — LICENSEES — NATURAL ACCUMULATION DOCTRINE.

Neither a municipality nor a landowner has a duty to a licensee

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 294, 563; Premises Liabilty §§ 699, 705, 706.

Liability for injuries in connection with ice or snow on nonresidential premises. 95 ALR3d 15.

Tort liability of public schools and institutions of higher learning for injuries due to condition of grounds, walks, and playgrounds. 37 ALR3d 738.

to remove the natural accumulation of ice and snow from any location unless affirmative action is undertaken which alters the natural accumulation and increases the hazard of travel for the public or which alters the condition of the sidewalk itself and causes an unnatural or artificial accumulation of ice on the sidewalk.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Alan B. Posner*), for plaintiff.

*Sharon-Lee Edwards,* for defendants.

Before: DANHOF, C.J., and CYNAR and BRENNAN, JJ.

PER CURIAM. Plaintiff appeals as of right the order granting summary disposition pursuant to MCR 2.116(C)(7) and (10) in favor of defendants on the basis of governmental immunity. Plaintiff filed suit after she allegedly slipped and fell on ice while walking from the Harding school grounds to an immediately adjacent sidewalk. We affirm.

Plaintiff first argues that the trial court erred in holding that the public building exception to governmental immunity, MCL 691.1406; MSA 3.996(106), does not apply where a dangerous condition (ice) exists on school grounds adjacent to a public school building.

The broad construction of the public building exception urged by plaintiff does not comport with *Reardon v Dep't of Mental Health,* 430 Mich 398; 424 NW2d 248 (1988). The scope of the exception is now narrowly drawn. The duty imposed by the public building exception relates to dangers actually presented by the building itself. *Wing v Detroit,* 178 Mich App 628, 631; 444 NW2d 539 (1989); *Dew v Livonia,* 180 Mich App 676, 679; 447 NW2d 764 (1989); *Yarrick v Village of Kent City,* 180 Mich App 410, 414; 447 NW2d 803 (1989). Accordingly, the public building exception does not

apply here, where plaintiff was injured when she allegedly fell on school property adjacent to the public school building. Therefore, the trial court properly granted defendants summary disposition on this issue on the basis of governmental immunity.

Plaintiff states that her next issue is whether a school custodian, defendant Allan Hall, who performs ice and snow maintenance pursuant to a policy set by his supervisor is performing a ministerial function for which he is not governmentally immune. However, the more relevant question is whether defendant Hall owed a duty to plaintiff to remove the ice and snow. The trial court ruled he did not.

We agree with the trial court's findings. The natural accumulation doctrine provides that neither a municipality nor a landowner has a duty to a licensee to remove the natural accumulation of ice and snow from any location. *Zielinski v Szokola,* 167 Mich App 611, 615; 423 NW2d 289 (1988), lv den 432 Mich 859 (1989). This doctrine is subject to two exceptions. The first exception provides that liability to a licensee may attach where the municipality or property owner has taken affirmative action to alter the natural accumulation of ice and snow and, in doing so, increases the hazard of travel for the public. *Id.* The second exception provides that liability may arise where a party takes affirmative steps to alter the condition of the sidewalk itself, which in turn causes an unnatural or artificial accumulation of ice on the sidewalk. *Id.*, p 617.

The parties do not dispute that plaintiff, who was injured while dropping her child off at school, was a licensee. However, plaintiff does not allege that either of the exceptions to the natural accumulation doctrine are applicable here, nor do we

find them to be applicable in the present situation. Therefore the school owed no duty to plaintiff to remove the ice or snow from the area. The liability of Hall, as a school employee, is derivative of the school's liability, and since the school is not liable, neither is Hall. Therefore, we find that the trial court properly granted defendants summary disposition on this issue.

Affirmed.