HENKEY v CITY OF GRAND RAPIDS

Docket No. 123654. Submitted June 27, 1990, at Grand Rapids. Decided August 7, 1990. Leave to appeal applied for.

Robert E. Henkey, Jr., suffered injuries when he slipped on some snow and ice and fell on the sidewalk immediately adjacent to the entryway of a public building belonging to the City of Grand Rapids. He filed suit against the city in Kent Circuit Court, but the court, Dennis B. Leiber, J., ruled that the public building exception to governmental immunity did not apply and granted summary disposition in favor of defendant. Plaintiff appealed.

The Court of Appeals *held:*

The trial court erred in holding that a sidewalk adjacent to a public building does not fall within the public building exception and that the natural accumulation of ice and snow does not constitute a dangerous condition of the building.

Reversed.

GOVERNMENTAL IMMUNITY — PUBLIC BUILDING EXCEPTION.

The public building exception to governmental immunity is not limited to the actual physical structure of the building, but applies to areas immediately adjacent to the building as well; it also applies to dangerous conditions arising from the accumulation of foreign substances on the floors of public buildings and the natural accumulations of substances, e.g., snow and ice, and those caused by people, e.g., oil and grease, where the dangers of each are equally well known to the government agency; the pertinent inquiry should not concern the genesis of the danger, but whether the government agency had actual or constructive knowledge that a danger existed and failed to act to protect the public (MCL 691.1406; MSA 3.996[106]).

*Jeffrey L. Hampel,* for plaintiff.

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 5-41, 137-157, 274-300, 563.

See the Index to Annotations under Municipal Corporations.

*Lynne E. Pope,* Assistant City Attorney, for defendant.

Before: Murphy, P.J., and Holbrook, Jr., and Maher, JJ.

Per Curiam. Plaintiff appeals as of right from the order of the Kent Circuit Court which granted summary disposition to defendant on the basis of governmental immunity. The court ruled that the public building exception did not apply to injuries suffered by plaintiff when he slipped on some snow and ice and fell on the sidewalk immediately adjacent to the entryway of defendant's public building. We reverse.

As we read *Reardon v Dep't of Mental Health,* 430 Mich 398, 413-414; 424 NW2d 248 (1988)—the Supreme Court's latest pronouncement on the public building exception, MCL 691.1406; MSA 3.996(106)—the exception is not limited to the actual physical structure of the building, but applies to areas immediately adjacent to the building as well. To the extent that *Yarrick v Village of Kent City,* 180 Mich App 410; 447 NW2d 803 (1989), holds contra, we disagree. We also believe the building exception applies to dangerous conditions arising from the accumulation of foreign substances on the floors of public buildings. *Wade v Dep't of Corrections,* 182 Mich App 519; 453 NW2d 683 (1990). Furthermore, we find no good reason for distinguishing between the natural accumulations of substances (such as the snow and ice here) and those caused by persons (such as the oil and grease in *Wade*) where the dangers of each are equally well known to the government agency. The pertinent inquiry should not concern the genesis of the danger, but whether the government agency had actual or constructive knowledge that

a danger existed and failed to act to protect the public. *Williamson v Dep't of Mental Health,* 176 Mich App 752, 757; 440 NW2d 97 (1989), lv den 434 Mich 862 (1990). The trial court erred in holding that a sidewalk adjacent to a public building does not fall within the public building exception and that the natural accumulation of ice and snow does not constitute a dangerous condition of the building. Defendant should not have been granted summary disposition.

Reversed.