BUNCH v CITY OF MONROE

Docket No. 121080. Submitted October 12, 1990, at Detroit. Decided November 20, 1990, at 9:02 A.M. Leave to appeal sought.

Patsy L. and Ronald Bunch brought an action in the Monroe Circuit Court against the City of Monroe, seeking damages incurred by Patsy L. Bunch when she slipped and fell while walking on a public parking lot owned by the city. The court, William F. LaVoy, J., granted summary disposition in favor of the city, rejecting the plaintiffs' contention that their claim was within the highway exception to governmental immunity. The plaintiffs appealed.

The Court of Appeals *held:*

The highway exception to governmental immunity, under which a governmental agency may be held liable for bodily injury or damage to property by reason of the agency's failure to keep a highway in reasonable repair and in a condition reasonably fit for vehicular travel, does not apply to public parking lots owned or operated by a governmental agency.

Affirmed.

GOVERNMENTAL IMMUNITY — HIGHWAYS — PUBLIC PARKING LOTS.

The highway exception to governmental immunity, under which a governmental agency may be held liable for bodily injury or damage to property by reason of the agency's failure to keep a highway in reasonable repair and in a condition reasonably fit for vehicular travel, does not apply to public parking lots owned or operated by a governmental agency (MCL 691.1401[e], 691.1402; MSA 3.996[101][e], 3.996[102]).

*Stalburg, Fischer & Weberman, P.C.* (by *Armin G. Fischer*), for the plaintiffs.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana*), for the defendant.

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges §§ 10, 105, 341, 347, 348.

See the Index to Annotations under Highways and Streets; Municipal Corporations; Parking Lots and Parking Garages.

Before: McDONALD, P.J., and HOOD and REILLY, JJ.

PER CURIAM. Plaintiffs appeal as of right from the September 12, 1989, circuit court order granting summary disposition in favor of defendant on the basis of governmental immunity. We affirm.

Plaintiff Patsy Bunch was injured when she slipped and fell in a hole in an area designated as a passageway for vehicles, while walking through a municipal parking lot owned by defendant. Plaintiffs' negligence case against defendant centered on their claims that defendant failed to warn Mrs. Bunch of the dangerous condition and failed to inspect the premises. Plaintiffs further alleged that defendant neglected to remedy the dangerous condition and did not act as a reasonably prudent property owner under similar circumstances.

The circuit court subsequently granted defendant's motion for summary disposition on the basis of governmental immunity, finding that defendant's duty to maintain highways did not extend to municipal parking lots.

Plaintiffs' sole contention on appeal is that the highway exception to the governmental immunity act, MCL 691.1401 *et seq.*; MSA 3.996(101) *et seq.*, applies to a pedestrian who sustains bodily injury because of the failure of a municipality to keep a public parking lot in reasonable repair so that it is reasonably safe and convenient for public travel. We disagree.

It is well settled that governmental agencies are immune from tort liability if the agency was engaged in the exercise or discharge of a governmental function. MCL 691.1407; MSA 3.996(107). A statutory exception to this broad grant of immunity is set forth in MCL 691.1402; MSA 3.996(102), which provides in part:

Each governmental agency having jurisdiction

over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency. . . . The duty of the state and county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel.

"Highway" is defined in MCL 691.1401(e); MSA 3.996(101)(e) as:

[E]very public highway, road, and street which is open for public travel and shall include bridges, sidewalks, crosswalks, and culverts on any highway. The term highway does not include alleys, trees, and utility poles.

We are not persuaded by plaintiffs' contention that the municipal parking lot falls within the "improved portion of the highway designed for vehicular travel." MCL 691.1402; MSA 3.996(102). As noted, MCL 691.1401(e); MSA 3.996(101)(e) expressly states that an alley is not included within the definition of highway. In addition, the highway exception to governmental immunity is narrowly construed. *Scheurman v Dep't of Transportation,* 434 Mich 619; 456 NW2d 66 (1990). Under such circumstances, we decline plaintiffs' invitation to extend the highway exception to public parking lots which are owned or operated by governmental agencies.

Affirmed.