EBERHARD v ST JOHNS PUBLIC SCHOOLS

Docket No. 129039. Submitted April 10, 1991, at Lansing. Decided May 21, 1991, at 9:10 A.M. Leave to appeal sought.

Randall Eberhard, as next friend of Daniel J. Eberhard, a minor, brought a tort action in the Clinton Circuit Court against the St. Johns Public Schools, seeking damages for an injury sustained by Daniel on one of defendant's school playgrounds when a basketball hoop fell and struck him. The court, Timothy M. Green, J., granted summary disposition for the defendant, ruling in part that the action was barred by governmental immunity. The plaintiff appealed.

The Court of Appeals *held:*

The public building exception to governmental immunity, MCL 691.1406; MSA 3.996(106), applies to dangers actually presented by the building itself, not to dangers presented on public property, such as a school playground, adjacent to the building.

Affirmed.

*William A. Spiers,* for the plaintiff.

*Kluczynski, Girtz & Vogelzang* (by *William Vogelzang, Jr.,* and *Ella S. Parker*), for the defendant.

Before: WEAVER, P.J., and MACKENZIE and GRIBBS, JJ.

PER CURIAM. Plaintiff appeals as of right from a circuit court order granting defendant's motion for summary disposition on the bases of governmental immunity and lack of a genuine issue of material fact. MCR 2.116(C)(7), (10). We affirm.

Plaintiff Daniel J. Eberhard, a twelve-year-old child, was injured playing basketball on the Perrin-Palmer Elementary School playground. The basketball hoop fell and struck the child.

The broad construction of the public building exception to governmental immunity, MCL 691.1406; MSA 3.996(106), urged by plaintiff does not comport with *Reardon v Dep't of Mental Health,* 430 Mich 398; 424 NW2d 248 (1988). The scope of the exception is now narrowly drawn. The duty imposed by the public building exception relates to dangers actually presented by the building itself. *Wing v Detroit,* 178 Mich App 628, 631; 444 NW2d 539 (1989); *Dew v Livonia,* 180 Mich App 676, 679; 447 NW2d 764 (1989); *Yarrick v Village of Kent City,* 180 Mich App 410, 414; 447 NW2d 803 (1989).

In this case, plaintiff relies primarily on *Pichette v Manistique Public Schools,* 403 Mich 268; 269 NW2d 143 (1978). *Pichette* was decided before *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 618; 363 NW2d 641 (1984). When our Supreme Court reconsidered the building exception in *Reardon,* it specifically noted *Pichette* and other cases and concluded that "[t]he rather broad statement of the legislative purpose contained in the above cases could be explained by the fact that they were all decided prior to *Ross*". *Reardon, supra* at 413.

We are convinced that the public building exception no longer applies to dangers presented on school property adjacent to a public school building. *Hall v Detroit Bd of Ed,* 186 Mich App 469; 465 NW2d 12 (1990).

Affirmed.