BACHMAN v WROTEN

Docket No. 132092. Submitted June 1, 1992, at Lansing. Decided
October 5, 1992, at 9:35 A.M.

Ronald S. Bachman brought an action in the Livingston Circuit
Court against Michael D. Wroten, the City of Howell, and
others, seeking damages for injuries sustained when his car
struck the rear of a truck driven by Wroten that had been
parked on the right shoulder of a street in the city while
waiting to make a left turn into a fuel depot, and had extended
into the street. The court, Stanley J. Latreille, J., granted
summary disposition for the city with regard to the plaintiff's
claims of intentional nuisance and failure to post warning
signs, but denied summary disposition with regard to the claim
that the city was negligent in permitting trucks to park along
the street while waiting to enter the fuel depot. The court
found that permitting trucks to park along the street consti-
tuted permitting an obstruction to continue and that this
practice breached the city's duty to keep the street in a condi-
tion reasonably safe and fit for travel. The city appealed by
leave granted, alleging that the court erred in finding the
defective highway exception to governmental immunity, MCL
691.1402; MSA 3.996(102), applicable in this case.

The Court of Appeals *held:*

The practice of the trucks briefly stopping on the right
shoulder before making a left turn did not result in the
creation of an obstruction and is not related to the mainte-
nance or repair of highways. The city did not actively create an
obstruction, and the trucks stopped for only a few minutes. The
trial court's application of the exception to governmental im-
munity, under the facts of this case, was too broad. The court
erred in denying the city's motion for summary disposition of
this issue.

Reversed.

*Driggers, Schultz, Herbst & Paterson* (by *Burke
T. Lewis*), for the plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by

*Gail P. Massad* and *Michael E. Rosati*), for the City of Howell.

Before: WEAVER, P.J., and WAHLS and TAYLOR, JJ.

WEAVER, P.J. This case arises out of an automobile accident between a truck and a car. Plaintiff, Ronald Sean Bachman, the driver of the car, claimed that defendant City of Howell improperly maintained the street because it was aware that trucks regularly parked on the side of the street while waiting to turn into a fuel depot. On July 27, 1990, the circuit court granted in part and denied in part the city's motion for summary disposition. The city appeals by leave granted. We reverse.

On March 25, 1987, defendant Michael Wroten stopped his truck on the right side of Marion Street in Howell, Michigan, and waited to turn left into a fuel depot. Although it was parked on the shoulder of the road, part of the truck extended into Marion Street. The truck's four-way flashers were activated, and Wroten had sat there for a minute or two when plaintiff's car struck the rear end of the truck as plaintiff ascended a hill on Marion Street and was blinded by the rising sun.

Plaintiff alleged that the city was liable under an exception to the governmental immunity act, MCL 691.1401 *et seq.*; MSA 3.996(101) *et seq.* Plaintiff contended that trucks using the fuel depot regularly stopped on Marion Street, that the city knew of and permitted this practice, that the city breached its duty under the act by failing to post warning signs, and that the city was liable under the theory of intentional nuisance.

On December 27, 1989, the city filed a motion for summary disposition pursuant to MCR 2.116(C)

(7), (8), and (10). The city sought a finding of governmental immunity based on MCL 691.1407; MSA 3.996(107). Plaintiff contended that the "highway exception" to governmental immunity, provided in MCL 691.1402; MSA 3.996(102), applied. The court's order of partial summary disposition denied the city's motion with regard to the claim that it was negligent in permitting trucks to park along Marion Street while waiting to enter the fuel depot.[1] The court ruled that permitting trucks to park along the street constituted permitting an obstruction to continue, and that this practice breached the city's duty to keep the street in a condition reasonably safe and fit for travel.

Defendant argues that the highway exception to governmental immunity is not applicable to the facts of this case. The city asserts that, because the practice was intermittent, it did not have notice of the practice of trucks stopping and waiting to turn, and that the stopping of trucks is not an obstruction for which it is liable.

The city is a governmental entity protected from liability by the governmental immunity act, MCL 691.1401; MSA 3.996(101). The exception to governmental immunity for defective highways, MCL 691.1402; MSA 3.996(102), provided in pertinent part at the time of trial:

> Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and

---

[1] The court granted the city summary disposition with regard to the plaintiff's claims of intentional nuisance and failure to post warning signs. There is no appeal from these rulings.

fit for travel, may recover the damages suffered by
him from such governmental agency.

The highway exception waives the absolute immu-
nity of governmental entities with regard to defec-
tive highways under their jurisdiction. *Scheurman
v Dep't of Transportation,* 434 Mich 619, 630; 456
NW2d 66 (1990). The highway exception is a nar-
rowly drawn exception to a broad grant of immu-
nity. *Id.* MCL 691.1403; MSA 3.996(103) also pro-
vides:

> No governmental agency is liable for injuries or
> damages caused by defective highways unless the
> governmental agency knew, or in the exercise of
> reasonable diligence should have known, of the
> existence of the defect and had a reasonable time
> to repair the defect before the injury took place.
> Knowledge of the defect and time to repair the
> same shall be conclusively presumed when the
> defect existed so as to be readily apparent to an
> ordinarily observant person for a period of 30 days
> or longer before the injury took place.

The primary issue before us is whether the inter-
mittent stopping of trucks on the street was a
defect.

In ruling that the practice of trucks stopping
and waiting to turn was an obstruction, the trial
court relied on *Kowalczyk v Bailey,* 379 Mich 568;
153 NW2d 660 (1967). However, *Kowalczyk* is fac-
tually distinguishable because the single parked
car in that case was apparently parked for much
more than a few minutes. See *Kowalczyk v Bailey,*
1 Mich App 551; 137 NW2d 285 (1965). In this
case, the question is whether a practice of parking
trucks amounts to an obstruction.

Accepting all plaintiff's factual allegations as
true, we find that the practice of trucks stopping

did not result in the creation of an obstruction. The city did not actively create an obstruction, the trucks stopped for only a few minutes, and the practice of trucks stopping is not related to the maintenance or repair of highways. To hold the city liable under these facts would contradict the purpose of the highway exception, which does not include placing upon governmental entities an unrealistic duty to ensure that travel upon the highways will always be safe. *Scheurman, supra.*

Plaintiff's claims against the city more closely resemble a suit for failure to enforce its traffic laws. However, the city's duty to enforce traffic laws is owed to the general public, not to any one person. *Simonds v Tibbitts,* 165 Mich App 480, 483; 419 NW2d 5 (1987).

Furthermore, governmental immunity is broad in scope while its exceptions are narrowly drawn. *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 618; 363 NW2d 641 (1984). The trial court's application of the highway exception to these facts is broad rather than narrow. The trial court erred in denying the city's motion for summary disposition because plaintiff's claim that the practice of trucks stopping resulted in the creation of an obstruction is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery. *Pawlak v Redox Corp,* 182 Mich App 758, 763; 453 NW2d 304 (1990).

Reversed.