RICHARDSON v WARREN CONSOLIDATED SCHOOL DISTRICT

Docket No. 130080. Submitted November 3, 1992, at Detroit. Decided December 29, 1992, at 9:45 A.M.

Craig Richardson, as next friend of Tammy Richardson, a minor, brought an action in the Macomb Circuit Court against the Warren Consolidated School District and three of its employees, seeking damages for injuries Tammy sustained when her bicycle struck a concrete island at the edge of a circular drive in front of a school operated by the school district. The court, Kenneth N. Sanborn, J., granted summary disposition for the defendants on the basis of governmental immunity. The plaintiff appealed only with regard to the question of immunity.

The Court of Appeals *held:*

1. The public building exception to governmental immunity, MCL 691.1406; MSA 3.996(106), applies to dangers actually presented by a building itself, not to dangers presented on public property adjacent to a public building.

2. A public school's driveways and parking lots are not "public highways" to which the public highway exception to governmental immunity, MCL 691.1402; MSA 3.996(102), applies.

Affirmed.

FITZGERALD, P.J., concurring, stated that the determination whether the area involved is a public highway was unnecessary because of the conclusion by the Court that a school district does not have jurisdiction over a public highway and therefore is not responsible for its design and maintenance.

*Bendure & Thomas* (by *Mark R. Bendure* and *Amy R. Snell*), for the plaintiff.

*Paskin, Nagi & Baxter, P.C.* (by *Jeannette A. Paskin*), for the defendant.

Before: FITZGERALD, P.J., and HOLBROOK, JR., and CORRIGAN, JJ.

CORRIGAN, J. In this premises liability action,

plaintiff appeals the trial court's grant of summary disposition pursuant to MCR 2.116(C)(7) (immunity granted by law). We affirm.

Plaintiff, a minor, was injured when her bicycle struck a concrete "island" at the edge of a circular drive in front of an elementary school operated by defendant Warren Consolidated School District. The accident occurred at 10:00 P.M. on a Sunday evening in June, after the close of the school year, when most of the school's exterior lights were turned off as part of the school district's energy management plan.

Plaintiff sued the school district, the school principal, and two employees, alleging that the island was a nuisance and that its presence in the driveway was a defect in a "public highway" or a "public building." Defendants moved for summary disposition, citing governmental immunity under MCL 691.1407; MSA 3.996(107). The trial court granted the motion.[1] On appeal, plaintiff concedes that the individual defendants were properly dismissed. Plaintiff has also abandoned the nuisance claim, and bases her appeal solely on the argument that the trial court erred in finding the school district immune from liability under either MCL 691.1406; MSA 3.996(106) or MCL 691.1402; MSA 3.996(102). We disagree.

[1] Defendants' motion was brought pursuant to MCR 2.116(C)(8) and (C)(10), but the lower court relied on MCR 2.116(C)(7). On appeal, plaintiff argues that because the court found subrule C(7) applicable, plaintiff must of necessity have "state[d] a claim upon which relief may be granted." However, summary disposition for failure to state a claim is appropriate where a plaintiff attempts to state a cause of action against a governmental entity entitled to immunity. *Hutchinson v Allegan Co Bd of Road Comm'rs (On Remand),* 192 Mich App 472, 476; 481 NW2d 807 (1992). Because summary disposition pursuant to subrule C(8) would have been proper, we will not disturb the result below. If a movant seeks summary disposition under one subpart of a court rule when judgment is appropriate under another subpart, the defect is not fatal. See, e.g., *Retired Policemen & Firemen of Lincoln Park v Lincoln Park,* 6 Mich App 372, 375; 149 NW2d 206 (1967).

In Michigan, tort liability of governmental units and their employees has been abrogated by statute. MCL 691.1407(1); MSA 3.996(107)(1). Although very broad, this immunity is subject to a limited number of narrowly drawn exceptions. *Hickey v Zezulka (On Resubmission),* 439 Mich 408, 421; 487 NW2d 106 (1992), citing *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 618; 363 NW2d 641 (1984); *Reardon v Dep't of Mental Health,* 430 Mich 398, 407; 424 NW2d 248 (1988). These exceptions are to be narrowly construed. *Wade v Dep't of Corrections,* 439 Mich 158, 166; 483 NW2d 26 (1992), citing *Hyde v Univ of Michigan Bd of Regents,* 426 Mich 223, 245; 393 NW2d 847 (1986).

## PUBLIC BUILDING EXCEPTION

One of the statutory exceptions to governmental immunity allows citizens recourse for injuries suffered in "public buildings":

> Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition. [MCL 691.1406; MSA 3.996(106).]

Our Supreme Court recently reaffirmed the principle that the public building exception is to be narrowly construed. See *Wade, supra* at 170. The *Wade* Court also indicated that the holding in *Reardon, supra,* is still controlling with regard to

the public building exception. 439 Mich 164. In *Reardon,* after reviewing the legislative history of governmental immunity in Michigan, the Court held:

> [W]e are persuaded that the Legislature did not intend an expansive reading of the public building exception. Instead, we conclude that the Legislature intended that the exception apply to . . . injur[ies] arising out of a dangerous or defective physical condition of the building itself. [430 Mich 409.]

The *Hickey* Court also repeated the *Reardon* rule; see 439 Mich 422.

Plaintiff asserts that the definition of "public building" is expansive enough to include areas such as the school's driveway in this case. Recent controlling decisions of this Court have rejected arguments that the area "immediately adjacent" to a public building falls within the statutory exception.

*Eberhard v St Johns Public Schools,* 189 Mich App 466; 473 NW2d 745 (1991), is binding precedent under Administrative Order No. 1990-6. 436 Mich lxxxiv. In *Eberhard,* this Court found a public school not liable for an injury that resulted from a defective basketball hoop in the school's playground. "We are convinced that the public building exception no longer applies to dangers presented on school property adjacent to a public school building." *Id.* at 467.

Even if *Eberhard* did not control our decision, plaintiff's claim would have to be rejected because of other post-*Reardon* cases. Plaintiff asserts that because the driveway is used for "ingress and egress" to the school, it is part of the building. Plaintiff's exhibits reveal that entrance to the school building is from a sidewalk. It is not possi-

ble to enter the building directly from the drive-
way itself. In *Merritt v Dep't of Social Services,*
184 Mich App 522, 523; 459 NW2d 10 (1990), this
Court rejected a claim where the plaintiff had
slipped in a parking lot. The Court found it signifi-
cant that "entry and exit from defendant's build-
ing is not possible directly from the parking lot,
but . . . rather . . . [must be made] from an en-
trance off of a sidewalk." See also *Yarrick v Vil-
lage of Kent City,* 180 Mich App 410, 413-414; 447
NW2d 803 (1989), vacated on other grounds 435
Mich 866 (1990) (area between parking lot and
building; *Reardon* represents abandonment of doc-
trine of *Jolly v City of St Clair,* 428 Mich 860; 400
NW2d 597 [1987]); *Wing v Detroit,* 178 Mich App
628, 631; 444 NW2d 539 (1989) (walkway outside
Penguin House at the Detroit Zoo); *Abrams v
Schoolcraft Community College,* 178 Mich App
668, 671; 444 NW2d 533 (1989) (parking lot not
"immediately adjacent" to a school building); *Hall
v Detroit Bd of Ed,* 186 Mich App 469, 471; 465
NW2d 12 (1990) (the plaintiff walking from school
grounds to an immediately adjacent sidewalk).[2]

Summary disposition was proper on this claim.

### PUBLIC HIGHWAY EXCEPTION

Plaintiff next urges an exception to the school
district's immunity under MCL 691.1402; MSA
3.996(102), which provides:

Each governmental agency having jurisdiction
over any highway shall maintain the highway in

[2] Plaintiff cited *Henkey v Grand Rapids,* 185 Mich App 56; 460
NW2d 271 (1990), where this Court allowed a claim based on a fall on
a sidewalk "immediately adjacent to the entryway" of a public
building. *Henkey* was recently reversed by the Supreme Court; see
440 Mich 867; 485 NW2d 487 (1992). The lower court's grant of
summary disposition to the city was reinstated.

reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his or her property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him or her from the governmental agency.

"Highway" is defined as "every public highway, road, and street which is open for public travel and shall include bridges, sidewalks, crosswalks, and culverts on any highway. The term highway does not include alleys, trees, and utility poles." MCL 691.1401(e); MSA 3.996(101)(e). The public highway exception is narrowly drawn. *Scheurman v Dep't of Transportation,* 434 Mich 619, 630; 456 NW2d 66 (1990); *Bachman v Wroten,* 196 Mich App 258; 492 NW2d 792 (1992). MCL 691.1402; MSA 3.996(102) is to be narrowly construed. *Soule v Macomb Co Bd of Road Comm'rs,* 196 Mich App 235; 492 NW2d 783 (1992). "No action may be maintained under the highway exception unless it is *clearly* within the scope and meaning of the statute." *Scheurman, supra* at 630, citing 39 Am Jur 2d, Highways, Streets, and Bridges, § 346, p 729 (emphasis supplied).

Furthermore, MCL 691.1402; MSA 3.996(102) specifies that liability attaches to "[e]ach governmental agency *having jurisdiction over* any highway" (emphasis supplied). In Michigan, school districts are not governmental agencies with jurisdiction over public highways. Our research has disclosed no case holding that a school district has jurisdiction over a public highway.

An examination of the Legislature's limitations on the regulation of highways makes it apparent that school districts enjoy no independent jurisdiction over highway matters.

Consider, for example, MCL 257.613a(1); MSA 9.2313(1)(1), which assigns to the "department of state highways and transportation, a county road commission, or a local authority"—not a local school district—the authority to establish "school crossings considered necessary for the safety of school children on streets and highways under their jurisdiction." The Legislature did not assign to school districts authority over the highway-related function of designating school crossings, even though schools would be the entities most interested in having them.

In fact, the only area related to highways in which school districts appear to have sole authority is pedestrian overpasses. MCL 380.1276; MSA 15.41276 gives the "board of a school district or a local act school district" the power to "purchase . . . lease or . . . construct" pedestrian overpasses "for the safe conduct of pupils enroute to and from school. The costs may be paid by the school district and by *the highway authority having jurisdiction of the public highway*" (emphasis supplied). In this area, the Legislature separated the school district's authority over children, as pedestrians, from the highway authority's jurisdiction over nearby roads.

Another example of a school district's very limited role in regulating highways is MCL 257.628; MSA 9.2328, relating to speed limits on roads near school buildings. Although speed limits on adjacent roads are obviously important to school districts, the statute gives them, at best, an advisory role. It provides that officials in control of a state trunk line or county highway within a thousand feet of a school "shall include the superintendent of the school district affected *in acting jointly in determining and declaring*" the speed limit on that highway (emphasis supplied).

The Legislature did not assign to school districts

authority over the highway-related functions of designating school crossings or setting speed limits on nearby roads, even though school districts would be most concerned with the effect of such regulation. Defendant, a school district, is not liable for the design or maintenance of public highways.

Municipalities are liable for defective construction or maintenance of public highways, roads, and streets open for public travel, including bridges, sidewalks, crosswalks, and culverts on the highway. *Davis v Chrysler Corp,* 151 Mich App 463, 469; 391 NW2d 376 (1986). This Court has not extended municipal liability beyond that "clearly within the scope and meaning of the statute." *Scheurman, supra* at 630. See *Bunch v City of Monroe,* 186 Mich App 347, 349; 463 NW2d 275 (1990), holding that a public parking lot is not within the highway exception.

*Ward v Frank's Nursery & Crafts, Inc,* 186 Mich App 120; 463 NW2d 442 (1990), is also persuasive. The plaintiff was injured in "an area of public access characterized, alternatively, as an alley or a walkway" owned by the City of East Detroit but used by patrons of neighboring businesses. *Id.* at 123. The plaintiff characterized the walkway as a "highway"; the defendant contended it was an "alley" and therefore specifically excluded from the definition of "highway" in MCL 691.1401(e); MSA 3.996(101)(e). The Court agreed with the defendant. *Id.* at 126.

The driveway described by plaintiff is more consistent with "the generally understood notions of an alley," *Ward, supra* at 126, than it is with the "generally understood notion" of a public street. That members of the public cross the driveway area to move from one residential street to another is not dispositive. The school driveway was

not a "street which is open for public travel," even though it has some streetlike qualities and was sometimes used "for public travel." MCL 691.1401(e); MSA 3.996(101)(e).

If the school grounds were privately owned, the question would not even arise. The driveway would not become a "public highway" no matter how much it was actually used by the public. We decline plaintiff's invitation to expand the concept of "public highway" to include public school driveways and parking lots.

Summary disposition was correct on both counts. Affirmed.

HOLBROOK, JR., J., concurred.

FITZGERALD, P.J. *(concurring)*. MCL 691.1401(e); MSA 3.996(101)(e) defines "highway" as that term is used in the "highway exception" to governmental immunity, MCL 691.1402; MSA 3.996(102):

> "Highway" means every public highway, road, and street which is open for public travel and shall include bridges, sidewalks, crosswalks, and culverts on any highway. The term highway does not include alleys, trees, and utility poles.

The only dispute under the public highway exception in this case is whether the "driveway" in question constitutes a public highway within the ambit of the public highway exception to governmental immunity, MCL 691.1402; MSA 3.996(102). However, in light of our conclusion that a school district does not have jurisdiction over a public highway and therefore is not responsible for the design and maintenance of a public highway, I do not believe that the majority's discussion of whether the area involved herein constitutes a

public highway is necessary for a proper resolution of this case.[1]

---

[1] If the area is held not to be a public highway, the public highway exception to governmental immunity does not apply. If the area is held to be a public highway, the highway exception still does not apply because defendants do not have jurisdiction over public highways.